## NICHOLAS SCHAEFFER

*v.*

## JAMES L. KIRK *et al.*

BAILMENT—*a factor for hire—of his duty in respect to insurance.* The doctrine is well settled, that a factor for hire is not obliged to effect insurance on the property consigned to him, without some authority, express or implied, from his principal.

WRIT OF ERROR to the Superior Court of Chicago.

The opinion states the case.

Messrs. DENT & BLACK, for the plaintiff in error.

Messrs. ASAY & LAWRENCE, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

In March, 1867, towards the close of that month, plaintiff in error, a large manufacturer of soap and candles, in St. Louis, sent to the defendants, who were manufacturers and dealers in the same articles, at Chicago, 200 boxes of star candles, to be sold by the defendants for the plaintiff. Defendants had insured their own goods in the previous January, but effected

252       Schaeffer *v.* Kirk *et al.*       [Sept. T.,

Opinion of the Court.

no insurance on the defendants' goods after they received them.

Up to the 17th of May, 1867, the defendants had sold of this consignment about 40 boxes, when on that day, the remainder, together with defendants' goods, were destroyed by fire.

This action was brought to recover the value of these candles, the plaintiff insisting it was the duty of the defendants to have insured the goods, as it was the usage of commission merchants in Chicago, to effect insurance on goods consigned to them.

The declaration does not aver that defendants were commission merchants, nor is it proved they were. On the contrary, the defendant Kirk, testified, that his house had never, before or since, received for sale any goods on commission—that was the first time. They advanced the freight on the candles, and stored them in the front part of their building, where they were destroyed.

Not being commission merchants, the defendants were not amenable to the alleged custom. The position they occupied was that of factors or agents, mere depositories for hire, who, though bound to ordinary diligence, are under no obligation to procure insurance on the thing bailed, without some authority, express or implied, from their employer. Story on Bailment, sec. 456, referring to Jones on Bailment, 102.

No express authority to insure was pretended, nor can any be implied, from the course of business of these parties—this being the first and only consignment passing from the plaintiff to the defendants.

The case of *Keane* v. *Brandon*, 12 La. An. R. 20, to which plaintiff has referred, does not support the position he takes, viz.: that because the defendants kept their own goods insured, they should have caused his to be insured in like manner. In that case, no point was decided in conflict with the doctrine cited from Story, but the court said, an agent who is instructed to insure, cannot take the risk upon himself

as an insurer, without the previous consent of his principal. He cannot contract with himself, and if he could, the rule is as consonant with public policy as with a sound morality, that he should not be permitted to do so. He cannot, therefore, recover for the premiums for insurance which he has charged, for there has been no contract of insurance; but in case of loss, he would not the less have been bound to indemnify his principal, not as an insurer, but as an agent who had failed to comply with his instructions. p. 23.

The case of the *Ætna Ins. Co.* v. *Jackson*, 16 B. Monroe, 242, decides only, that an agent or consignee, having the property of his principal in his possession, and responsible for it, may, and especially if he have an interest in it, though it be only for his commissions, insure it in his own name, and in case of loss, recover its full value, holding all beyond his own interest in trust for the owner of the property. We think the doctrine in Story has not been departed from, and that no case can be found, holding that a factor is obliged to effect insurance on property consigned to him, without instructions from his principal to that effect.

The views of the superior court were in harmony with those herein expressed, and the judgment must be affirmed.

*Judgment affirmed.*