## JACOB SHOENFELD *et al.*

*v.*

## SIMON B. FLEISHER *et al.*

1. FACTORS—*rights and duty as to insurance.* Factors having the goods of their principals in their possession may insure them, but they are not bound to do so, unless they have received orders to insure, or promise to insure, or the usage of trade or the habit of dealing between them and their principal raises an obligation to insure.

2. If a factor, who is in any case required to insure the goods of his principal, fails to do so, he becomes the insurer himself, and liable as such in the event of loss, and is entitled to credit for the premium which should have been paid.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Mr. EGBERT JAMIESON, for the appellants.

Messrs. HUTCHINSON & LUFF, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

It is the settled law that factors having the goods of their principal in their possession may insure them, but they are not bound to do so, unless they have received orders to insure or promise to insure, or the usage of trade or the habit of dealing between them and their principal raises an obligation to insure. Story on Ag. sec. 110; Parsons on Merc. Law, 160; *DeForest* v. *Fire Insurance Co.* 1 Hall, 84; *Burban* v. *Boyd,* 4 Paige, 17; *Schaeffer* v. *Kirk,* 49 Ill. 251.

And the further doctrine seems fully recognized, that if, in any of the cases mentioned, the agent neglect to make the insurance, he is himself, by the custom of merchants, to be considered as the insurer, and liable as such in the event of loss, in which case he is entitled to credit for the premium which should have been paid. Dunlap's Paley on Ag. p. 18; *DeTastett* v. *Crousillat,* 2 Wash. C. C. R. 132–136; 1 Livermore on Ag. 324–326.

It appears, by the testimony of one of the plaintiffs, corroborated by that of plaintiffs' clerk, that defendants, at the time of making the arrangement for taking the goods in question to sell on commission, promised to keep them insured. The defendant who made that arrangement on behalf of his firm, denies that any such promise was made; but, he not being corroborated by any testimony, the court below found for the plaintiffs upon that, which was really the only controverted question of fact in the case. The defendants admitted upon the trial their neglect to get the goods insured, their destruction by fire; and the quantity and value of the goods were undisputed.

We perceive no grounds for the reversal of the judgment, and it is accordingly affirmed.

*Judgment affirmed.*