# Adams *v.* Robinson.

*Action for Damages, by Principal against Agent.*

1. *When action on the case lies against agent.*—When a person contracts to do any act for another, and does it unskillfully, or fails to do it at all, an action on the case lies against him, to recover such damages as may have resulted from his negligence, carelessness, or want of skill, in the discharge of the duties imposed on him by the contract.

2. *Nominal damages.*—Since every wrong implies damage, nominal damages are always recoverable, when a clear breach of duty is shown, but no special damages are proved.

3. *Action against agent, by principal, for violation of instructions.*—A violation of the positive instructions of his principal, by an agent, is gross negligence, and renders him liable for such loss or damage as may result from it; and in such case, every doubtful circumstance is construed against him.

[Adams v. Robinson.]

4. *Conversation of witness with third person; when admissible as evidence.* A witness, testifying to a material fact in the case, may state, as a reason for his accurate recollection, that he had a conversation about it with a third person at a specified time ; but the details of such conversation are not relevant or admissible evidence.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JAMES Q. SMITH.

This action was brought by Mrs. Margaret Robinson, a married woman, against James R. Adams, and was commenced on the 19th September, 1877. The complaint contained but a single count, which was in the words : " Plaintiff claims of defendant, who is, and was at the time of the committing of the grievance hereinafter mentioned, a real-estate agent in the city of Montgomery, in said county and State, six hundred dollars as damages, for that the plaintiff, during the year 1875, intrusted and put under the defendant's control, as a real-estate agent as aforesaid, a certain valuable store-room, and the cellars connected therewith, the property of said plaintiff, being a part of the *corpus* of her statutory separate estate, and being situated in said city of Montgomery," &c., describing it, "for the purpose of having the defendant, as such real-estate agent, lease, let or rent for her the said store-room and cellars, for a period not exceeding one year, beginning October, 1875, and ending October, 1876, at the rate, sum, or price of $600 *per annum,* payable in monthly or quarterly installments, with good and approved security ; and said plaintiff avers, that she expressly instructed said defendant, in substance, in no event to lease or rent out said store-room and cellars at a less rate or price than $600 *per annum,* with good and approved security ; and that said defendant accepted the management and control of said property under the aforesaid instructions, and it thereupon became and was the duty of said defendant not to lease or rent out the said store-rooms and cellars without good security, under and in accordance with the said instructions of plaintiff, and to pay to plaintiff the said rent as stated, and to deliver said store-room and cellars to plaintiff at the expiration of such lease or renting as aforesaid. But said defendant, disregarding his duty in the premises, violated said instructions of plaintiff, and wrongfully and without authority rented and leased said store-room and cellars to an insolvent tenant or tenants, without security, and otherwise conducted himself in so improper a manner, and so negligently and carelessly, that the rent of the said store-room and cellars, or the value thereof, for said year, was wholly lost to plaintiff. Wherefore she sues," &c.

The defendant demurred to the complaint, and assigned

[Adams v. Robinson.]

the following as grounds of demurrer: "1. The complaint fails to show that plaintiff has been damaged by the alleged breach of contract by defendant. 2. The complaint does not aver that it was in the power of said defendant to have leased out the property on the terms alleged to have been required by plaintiff in her instructions to him. 3. Said complaint avers that plaintiff required, and defendant agreed not to lease out said store-room and cellars, for less than $600 per year, payable monthly or quarterly, with good and approved security; but it fails to aver that defendant could have rented said premises on said terms, or that his failure to do so was the result of any fault or mismanagement on the part of defendant." The court overruled the demurrer, and the defendant then pleaded not guilty; on which plea issue was joined, and a trial had.

On the trial, as the bill of exceptions shows, the plaintiff adduced evidence of her ownership of the property described in the complaint, and that it was placed by her son, as her agent, in the hands of the defendant, who was a real-estate agent, about the 1st October, 1875, to be rented for the year ending October 1st, 1876, under positive instructions to take good security for the rent, and not rent it at a less price than $600; that the defendant accepted the agency and control of the house on these terms, "but afterwards permitted persons to enter said house as tenants in violation of said special instructions; that $600 was a reasonable rent for said store-house, and that she had not received any rent for it." The defendant introduced evidence tending to show that he had not made any contract with the plaintiff's son, but had received the agency and control of the house from the plaintiff's husband, "without any special contract or instructions, on or about the 19th or 20th October, 1875, after the usual time for renting out stores had passed; that it was impossible to have rented out said store, during said year, for $600, with good security for the rent, or to obtain a tenant for the year on any term after he took charge of the property; that he rented the store, for short periods, to itinerant persons having articles for sale, and at one time permitted a person to have the key for eight weeks, or longer, upon the understanding that he would vacate on demand, whenever a tenant was obtained, and under a promise by him, when he obtained the key, that a relative of his, who was expected in town in a few days, would arrange with defendant for the rent, though it was never done; and the evidence tended to show, also, that the occupancy of a store, in the manner in which this was occupied, did not interfere with the prospect of obtaining a tenant, and that said per-

[Adams v. Robinson.]

son did surrender the key on demand. Defendant being on the stand as a witness, his counsel asked him, why he was able to state when and from whom he obtained the control of the house, and with whom he made the contract under which he received the control of it; and answered, that it was because he recollected that, on the same or the next day from that on which he received the store, and placed his card on it, giving notice that it was for rent, and that application for it should be made to him, he had a conversation with Mr. Henry Moses, of the firm of Moses Brothers, real-estate agents in Montgomery. He was then asked, by his own attorney, to state what said conversation was ; and the question being objected to, as calling for improper evidence, said counsel said that he offered the evidence only for the purpose of showing, from the occurrence of said conversation, and its connection and association in the mind of the witness with the fact of his obtaining the control of said store, that his recollection as to the time when, and the person from whom he did receive the control of said store, was impressed upon his mind. But the court sustained the objection, and refused to permit the plaintiff to answer said question, but allowed him to testify to the fact that he did have a conversation with said Moses at the time mentioned, without allowing him to state what the conversation was; to which ruling the defendant excepted."

The court charged the jury, at the request in writing of the plaintiff, as follows: " 1. If the jury believe, from the evidence, that the plaintiff was a real-estate agent, doing business as such in the city of Mohtgomery; and that the plaintiff, through her agent or representative, intrusted the said premises to the defendant, to lease or rent for the year beginning in October, 1875, and ending in October, 1876, at a stipulated price, payable monthly ; and that the defendant disregarded his duty, and violated the instructions of plaintiff, and wrongfully and without authority rented out said premises to an insolvent tenant or tenants ; or that the defendant conducted himself negligently or carelessly in the management of said premises, whereby the plaintiff was injured ; then the plaintiff is entitled to recover, and their verdict must be for her.

" 2. If the jury further believe, from the evidence, that the defendant, as the agent of the plaintiff, violated her instructions in renting said premises ; or, if he acted in a manner injurious to the plaintiff in renting said premises, without any authority therefor ; then the defendant will be held to account to the plaintiff, as his principal, and every doubt-

[Adams v. Robinson.]

ful circumstance should be construed unfavorably to the right and interest of the defendant.

"3. If the jury believe, from the evidence, that the premises mentioned were placed by the plaintiff under the control and management of the defendant, as a real-estate agent, to lease or rent out the same according to the instructions set out in the complaint; and that the defendant violated said instructions, in reference to the rent thereof; or that he managed the property so negligently and carelessly, that damage resulted to the plaintiff; then the plaintiff would be entitled to recover, without reference to the terms, conditions, or stipulations of rent, as stated in the complaint, or the allegation as to the amount to be paid.

"4. The gist of this action is the breach of duty; and the plaintiff, in order to ·be entitled to recover, need not prove more than is necessary to show the duty and the breach thereof: that the recovery depends upon the omission of duty, and not upon the price or sum at which the premises were stipulated to be paid."

"The court charged the jury also, of its own motion, and by way of explanation, that if the plaintiff's store-house was given in charge to the defendant, under special instructions to rent it at not less than $600 *per annum*, and to take good security for such rent, and not to rent without such security; and that the defendant violated such instructions, by renting it for less, and without security; that the measure of damages would be what the rent would have amounted to, at the rate of $600 *per annum*, for the time the store was in the defendant's charge, and so rented out by him, with interest thereon."

The defendant excepted to each of these charges, and he now assigns them as error, together with the overruling of his demurrer to the complaint, and the exclusion of the evidence offered by him, as above stated.

GUNTER & BLAKEY, for appellant.

RICE & WILEY, *contra.*

SOMERVILLE, J.—The complaint in this case alleges a valid contract between the plaintiff and the defendant, the violation by the defendant of a duty growing out of, and imposed on him by it, and a loss consequent thereon. Its averments were, therefore, sufficient, certainly to entitle the plaintiff to the recovery of nominal charges.—Code (1876), § 2978. If the defendant rented out the plaintiff's storehouse, contrary to her instructions, a right of action arose

immediately, in favor of the latter, against the former. The principle is well settled, that when one contracts to do an act for another, and either does it unskillfully, or fails to do it at all, an action in the case will lie against him, to recover such loss or damage as may result from his negligence, carelessness, or want of skill, in the discharge of the duties imposed on him by the contract.—*Myers v. Gilbert*, 18 Ala. 467.

Every wrong imports a damage, and when none other is proved, and the evidence shows a clear breach of duty, nominal damages are always recoverable.— *Bagby v. Harris*, 9 Ala. 173; Sedgwick on Dam., 6th ed., 461 [337].

Where, furthermore, an agent violates his positive instructions given him by a principal, this would constitute gross negligence, which would render him liable for such loss or damage as may be occasioned by his misconduct; and, on a principle well recognized in many cases of *tort*, every doubtful circumstance would be construed unfavorably to the rights and interests of the agent thus perpetrating the wrong. Story on Agency, § 333; *Dodge v. Tileston*, 12 Pick. 333–4.

It is always competent for a witness to state that he had a conversation with a third person, on a certain subject germane to the issue in dispute, and at a time specified, as a reason for his accurate recollection of a fact to which he has testified. The rules of evidence are those of common sense and human experience; and both of these teach us, that the retentiveness of a witness' memory, as to a particular fact or incident, is greatly improved where, after seeing or hearing of it, he subsequently converses about it. The fact of plaintiff's conversation with Moses was relevant evidence, therefore; but the narration of the details of it were properly excluded by the Circuit Court.

The demurrer to the complaint was also properly overruled, and the other rulings of the court, when tested by the above principles of law, were free from error.

The judgment is affirmed.