PHŒNIX INSURANCE COMPANY *vs.* CHARLES P. FRISSELL.

Hampden.   Sept. 28. — Oct. 22, 1886.   DEVENS & W. ALLEN, JJ.,
      absent.   C. ALLEN, J., did not sit.

In an action by an insurance company against its agent for failure to cancel a
policy of insurance, as directed, it appeared that the defendant issued a policy
in the plaintiff company upon certain property, containing the provision that
" it may also be terminated at any time at the option of this company, on giving
written or verbal notice to that effect, and refunding or tendering a ratable pro-
portion of the premium for the unexpired term of the policy," and notified the
plaintiff of it; that the plaintiff, on the same day, notified the defendant by
letter that it declined to take the risk, and directed him to cancel the policy ;
and that this letter was received by the defendant on the next day.   There was
evidence tending to show that the defendant could have notified the insured
within half an hour after receiving the plaintiff's letter ; that the defendant,
being also the agent of another insurance company, on that day wrote a policy
in that company, which he intended to take the place of the plaintiff's policy,
but did not notify the insured of the other policy, or of the cancellation of the
plaintiff's policy, and took no steps to effect such cancellation until after the
insured property was burned, which occurred five days later.   *Held*, that it was
competent for the judge, who tried the case without a jury, to find, from this
evidence, that the defendant did not exercise that diligence which his duty to
the plaintiff required ; and that the action could be maintained.

In an action by an insurance company against its agent for failure to cancel a
policy, as directed, it appeared that, by the terms of the policy, the plaintiff had
sixty days after proofs of loss in which to pay the amount due thereunder ; that
the writ was dated on the same day upon which the proofs of loss on the insured
property were made; and that the loss was paid by the plaintiff before the
expiration of sixty days therefrom.   It was admitted that the loss was fairly
adjusted, and that the plaintiff was liable under its policy for the full amount
paid by it.   *Held*, that the action was not prematurely brought.

In an action by an insurance company against its agent for failure to cancel a
policy, as directed, the evidence tended to show that the defendant took no steps
to effect such cancellation for five days after receiving directions to do so, when
the insured property was burned.   The defendant offered to testify that " orders
generally from the companies are to cancel the policy as soon as convenient,
and that it is generally understood that an agent has from five to ten days in
which to cancel a policy."   *Held*, that this evidence was rightly excluded.

CONTRACT, with a count in tort, for the failure of the defend-
ant, who was the plaintiff's agent, to cancel a policy of insurance,
as directed.   Trial in the Superior Court, without a jury, before
*Knowlton*, J., who found for the plaintiff ; and the defendant
alleged exceptions, which appear in the opinion.

   *C. A. Birnie*, for the defendant.

   *G. Wells*, for the plaintiff.

MORTON, C. J.   The plaintiff is a corporation established in the State of Connecticut.   The defendant was its agent at Burlington, in the State of Vermont.   He issued a policy of insurance to the Shepherd and Morse Lumber Company upon its "dry-house" in Burlington, and, on February 10, 1885, notified the plaintiff of it.   The plaintiff on the same day notified the defendant by letter that it declined to take the risk, and directed him to cancel the policy.   This letter was received by the defendant on February 11.   The policy contained the provision that "it may also be terminated at any time at the option of this company, on giving written or verbal notice to that effect, and refunding or tendering a ratable proportion of the premium for the unexpired term of the policy."

Upon receiving the letter of the plaintiff, it was the duty of the defendant to use reasonable diligence in notifying the insured, and in cancelling the policy.   Whether he used such diligence is a mixed question of law and fact.   There was evidence tending to show that the defendant could have notified the officers of the insured corporation within half an hour after receiving the letter from the plaintiff; that he, being also the agent of the Ætna Insurance Company, on said February 11 wrote a policy in that company, which he intended to take the place of the policy of the plaintiff, but did not notify the insured of the Ætna policy, or of the cancellation of the plaintiff's policy, and took no steps to effect such cancellation until after the dry-house was burned, which occurred on February 16.   It was competent for the justice of the Superior Court, who tried the case without a jury, to find, from this evidence, that the defendant did not exercise that diligence which his duty to the plaintiff required; and we cannot say, as matter of law, that he erred in refusing to rule, as the defendant requested, that the plaintiff could not recover.

The defendant also asked the court to rule that, "inasmuch as, by the terms of the policy, the plaintiff had sixty days after proofs of loss in which to pay the amount due thereunder, the action was prematurely brought."   The proof of loss was made on February 28, 1885; the writ was dated on the same day; and the loss was paid by the plaintiff on April 22, 1885.   It was admitted that the loss was fairly adjusted, and that the plaintiff was liable under its policy for the full amount paid by

it.  At the time the action was brought, the plaintiff had sustained damage by the defendant's negligence, because it had been by his negligence made liable to pay the amount of the loss.  A cause of action had then accrued.  We are of opinion that the court rightly refused the ruling requested by the defendant.

It is no defence that the company paid the loss within sixty days of the proof.  The loss being adjusted, it had the right to pay it within the sixty days if it chose to do so, the provision of the policy that a loss should not be payable until sixty days after the proofs being a provision in favor of the company which it could waive.  The defendant was in no way injured by such waiver.

The offer of the defendant to testify that " orders generally from the companies are to cancel the policy as soon as convenient, and that it is generally understood that an agent has from five to ten days in which to cancel a policy," was rightly excluded by the court.  It did not amount to an offer to show a general usage which could affect the plaintiff, even if proof of such a usage would be admissible.          *Exceptions overruled.*