# Phoenix Insurance Co. v. Seegers.

### *Assumpsit.*

(Decided April 22, 1915.  Rehearing denied June 3, 1915.
68 South. 902.)

1. *Insurance; Agent's Liability; Expense of Suit.*—A claim of at-torney's fees for defending the suit against it on its policy, was not recoverable in an action by an insurance company against its agent to recover the amount which it had been compelled to pay on a policy issued by the agent without authority, and hence, such claim was properly stricken.

2. *Same; Unauthorized Act of Agent; Liability of Agent.*—Where an insurance company had issued positive instructions to its agent not to issue a policy to a certain person on a stock of furnishings, and such agent issued the policy in violation of the instructions, and there was a loss which the company was compelled to pay and did pay in settlement thereof, the company could recover of the agent the amount so paid.

3. *Same; Agent; Liability.*—Where the action was by an insur-ance company to recover the amount which it had been compelled to pay on a policy issued by its agent in positive violation of in-structions, the fact that the agent had not received his commission from the state as agent to write insurance, constituted no defense.

4. *Same.*—Such policy was not invalidated because the agent had not received from the state his commission to write insurance.

5. *Same; Agent's Liability; Proof.*—In an action by an insurance company to recover from its agent an amount which it had been compelled to pay under the policy issued by the agent in violation of his express instructions, a plea setting up the issuance of the policy, the destruction of the stock insured, and plaintiff's agree-

ment pending suit, to pay the insured a certain amount in settlement thereof, did not show that the judgment against the insurer was rendered by consent; nor does such a plea establish a ratification of the agent's unauthorized issuance of the policy.

APPEAL from Andalusia City Court.

Heard before Hon. ED. T. ALBRITTON.

Action by the Phœnix Insurance Company against J. E. Seegers in assumpsit. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The first count as amended was as follows: "Plaintiff claims of defendant the sum of $1,524.55 as damages, for that, during the months of January and February, 1913, defendant was the duly and legally appointed agent of the plaintiff at Andalusia, Ala., and as such agent was authorized and empowered to make insurance contracts for plaintiff to be countersigned by defendant as agent, and to renew the same, and to do all matters and things pertaining to its said appointment that should be given to him in charge by plaintiff or its general or special agent. Plaintiff avers that on January 5, 1913, plaintiff, through its special agent, Ben I. Simpson, instructed defendant to cancel its policy No. 1227, for $2,000 on a stock of ladies' and gents' furnishings of one Ed Wilks, at Andalusia, Ala., which said policy had been issued through defendant as its agent, and that in accordance with said instructions said policy was canceled by defendant on January 8, 1913, and plaintiff avers that no authority was afterwards conferred on defendant by plaintiff to make or issue any insurance to said Ed Wilks by policies of plaintiff, but that defendant, although he had no authority, did on, to wit, February 14, 1913, as the agent of plaintiff, issue and deliver, or cause to be delivered, to Ed Wilks another policy of insurance for $2,500 on the same stock of goods, covered by the policy which was

canceled on said January 8, 1913, as hereinbefore alleged; that afterwards, on February 20, 1913, the property of said Wilks covered by the policy issued by defendant on February 14, 1913, was destroyed by fire, and that by reason of the issuance of said policy, and the loss sustained thereunder, plaintiff became liable to pay, and did pay, to said Wilks, for and on account of and in settlement of said loss under said policy, the sum of $1,250, and also the sum of $24.55, court cost incurred in said suit, the said Wilks in said suit having obtained a judgment against plaintiff for the sum of $1,250, besides the cost of the suit, said judgment having been rendered on November 19, 1913, in the circuit court of Covington county, and the same being paid and discharged at that time; and plaintiff avers that it became liable to pay, and did pay, to said Wilks said sum of $1,250 and court costs, as hereinbefore alleged, on account of the issuance of said policy by defendant to said Ed Wilks on the day and date above mentioned, as the agent of plaintiff, but without the knowledge, authority, and consent of plaintiff, and that defendant is liable to plaintiff for said sums so paid out, as hereinbefore alleged, with the interest thereon."

The defendant filed pleas 4, 5, and 6, in substance that the damages claimed arose out of a contract of insurance made by defendant while acting as agent of plaintiff, and that while at the time of making the contract of insurance plaintiff was not incorporated by the laws of state of Alabama, yet was legally authorized to do business in this state through regularly commissioned and licensed agents located in the state, but that at the time of the making of the contract of insurance described in the complaint, and out of which it is claimed the damages arose, plaintiff had not obtained from the insurance commissioner of Alabama

a certificate of authority for defendant as agent of plaintiff to write or solicit insurance in this state.

The grounds of demurrer mentioned are as follows: "No facts are averred showing that if plaintiff had complied with the requirements of the statute referred to in said plea, and had procured from the insurance commissioner a certificate of authority for defendant as agent for plaintiff to write or solicit insurance in this state, the acts of defendant complained of, upon which plaintiff's cause of action is based, would have been legal."

"(5) The cause of action is predicated upon defendant acting as its agent without authority in issuing and causing to be delivered to Ed Wilks the policy described in the first count of the complaint, and as a result of such unauthorized act causing plaintiff to become liable for the sum paid out by it as alleged, and it is nowhere averred that the action of defendant in causing said policy to be delivered to said Wilks was within the scope of the authority of defendant, and such an act by him as agent as required the obtaining of such certificate from the insurance commission of the state, as authority for defendant, as agent of plaintiff, to write or deliver said policy of insurance. No facts are averred in said plea showing any duty resting upon plaintiff which required it to obtain from the insurance commissioner of the state a certificate of authority to defendant as mentioned in said plea."

Pleas 7 and 8 aver, in substance, the issuance of the first policy; its cancellation by instruction; defendant's continuance and authority as agent to issue policy and renew same; the issuance of the policy on February 14, 1910, on the stock of goods; their destruction by fire; entry of suit for the amount of policy by Wilks against plaintiff; that while the suit was pending plaintiff

agreed to pay said Ed Wilks the sum of $1,250 in settlement of said loss, and that the judgment referred to in the complaint was rendered by consent of the parties thereto; and that thereby plaintiff ratified the issuance of said policy under which the loss occurred, and for this reason ought not to recover.

POWELL & ALBRITTON, for appellant.

PARKS & PRESTWOOD, for appellee.

THOMAS, J.—This is an appeal from rulings on pleadings, from the Andalusia city court of law and equity. Such appeals are provided by the act relating to procedure in that court. The plaintiff declared on the common counts and on the case. The reporter will set out the first count of the complaint as amended.

(1) The court properly sustained a motion to strike that part of the first count, claiming attorney's fees for defending suit against the company on the insurance policy. Defendant's other grounds of demurrer to this count were properly overruled.

Defendant then filed pleas 1, 2, and 3 of the general issue, and payment, to the complaint, to which no demurrer would lie. Defendant's pleas 4, 5, and 6 were to the effect that the damages claimed arose out of a contract of insurance made by the defendant while acting as the agent of plaintiff non-resident insurance company, which was "legally authorized to do business in this state through regularly commissioned and licensed agents located in this state, but that at the time of the making of the contract of insurance described in the complaint, and out of which the plaintiff claims its damages arose, plaintiff had not obtained from the insurance commissioner of Alabama a certificate of author-

ity for defendant as agent of plaintiff to write or solicit insurance in this state" by a certificate issued in January, 1913. Plaintiff's fourth, fifth, and sixth grounds of demurrer to defendant's pleas 4, 5, and 6 should have been sustained. The pleas were no answer to the complaint.

(2) The count claimed damages from the agent for violating positive instructions not to issue a policy on the "stock of ladies' and gents' furnishings of one Wilks at Andalusia, Ala.," charging that, contrary to his instructions from the principal, the defendant agent issued a policy on this stock of goods for this Mr. Wilks at Andalusia.—*Adams v. Robinson,* 65 Ala. 586; *White v. Chapman,* 1 Stark, Rep. 113; *Dodge v. Tileston,* 12 Pick. (Mass.) 328; Story on Agency, § 333. In *Adams v. Robinson, supra,* Justice Somerville thus states the rule: "Where * * * an agent violates his positive instructions given him by a principal, this would constitute gross negligence, which would render him liable for such loss or damage as may be occasioned by his misconduct; and, on a principle well recognized in many cases of tort, every doubtful circumstance would be construed unfavorably to the rights and interests of the agent thus perpetrating the wrong."—1 Mechem on Agency, §§ 1243, 1244; *McAnaw v. Moore,* 163 Mo. App. 598, 147 S. W. 220; *Rush v. Rush,* 170 Ill. 623, 48 N. E. 990; *Cooper v. Cooper,* 90 Neb. 209, 133 N. W. 243; *Persons v. Smith,* 12 N. D. 403, 97 N. W. 551; *Wilts v. Morrell,* 66 Barb. (N. Y.) 511, 598; *Marshall v. Ferguson,* 94 Mo. App. 175, 67 S. W. 935; *Pape v. Westcott* (1894), 1. Q. B. 272.

If an agent, instructed to insure property, without sufficient excuse neglects to do so, or to notify his principal, he will be liable, if loss occurs, for the full insurable value of the property, less the amount of the

premium.—*Pash. v. Homond*, 4 Camp. 344; *Perkins v. Wash. Ins. Co.*, 4 Cow. (N. Y.) 645; *Thorne v. Deas*, 4 Johns (N. Y.) 84; *Shoenfeld v. Fleisher*, 73 Ill. 404; *Kaw Brick Co. v. Hogsett*, 73 Mo. App. 433.

Where an agent was instructed by his principal to cancel a policy, but without sufficient reason delayed, and the property was destroyed by fire and the company was compelled to pay the loss, the company could recover the amount so paid from the agent.—*Phoenix Ins. Co. v. Frissell*, 142 Mass. 513, 8 N. E. 348; *Franklin Ins. Co. v. Sears* (C. C.) 21 Fed. 290; *Kraber v. Union Ins. Co.*, 129 Pa. 8, 18 Atl. 491.

In *Continental Insurance Company v. Clark et al.*, 126 Iowa, 274, 100 N. W. 524, Chief Justice Deemer pertinently says: "If the defendants fraudulently and negligently issued the policy against the express direction of their principal, and continuously and purposely failed to make report thereof, and plaintiff, through this fraud, was compelled to pay a loss which it might otherwise have avoided, there is every reason for holding them liable, not only for the premium they should have exacted, but also for the full amount of the damages suffered by it in consequence of defendants' wilful wrong."—*State Insurance Co. v. Jamison*, 79 Iowa 245, 44 N. W| 371; *Sun Fire Office v. Ermentrout*, 11 Pa. Co. Ct. R. 21; *Am. Cent. Co. v. Hagerty*, 92 Hun, 26, 36 N. Y. Supp. 558.

The principal may recover such damages as he can show he has sustained by reason of the disobedience of the agent.—*Whitney v. Merchants' Union Exp. Co.*, 104 Mass. 152, 6 Am. Rep. 207; *Brown v. Arrott*, 6 Watts & S. (Pa.) 402; *Harvey v. Turner*, 4 Rawle (Pa.) 232.

(3, 4) Though the defendant received no commission to write insurance, he had been acting as plaintiff's agent in the city of Andalusia, and which fact was well

known to Wilks when the agent issued the policy to him. The plaintiff was liable to the insured on the policy; the defendant would likewise be liable to the plaintiff for issuing the insurance without authority, although the agent may not have received his commission as agent, from the state, to write insurance.—*Phoenix Ins. Co. v. Pratt*, 36 Minn. 412, 31 N. W. 454; *Ganser v. Fireman's Fund Ins. Co.*, 34 Minn. 372, 25 N. W. 943; *Brooklyn Life Ins. Co. v. Bledsoe*, 52 Ala. 538; *Whetstone v. Bank of M.*, 9 Ala. 875, 884; *Nat. Bank v. Whitney*, 103 U. S. 102, 26 L. Ed. 561; *Schuyler Nat. Bk. v. Gadsden*, 191 U. S. 458, 24 Sup. Ct. 129, 48 L. 7d. 458. This question has been decided by Mr. Justice Mayfield in the case of *Meridian Life Insurance Company v. Dean*, 182 Ala. 127, 62 South. 90, where it is held that the insurance statutes were intended for the protection of the citizen, and that a violation of these statutes by an insurance company does not render the policy void. If the positive instructions of the company to the agent have been negligently or fraudulently disregarded by the agent, who knew he had no authority to write insurance in the state, he cannot excuse himself by pleading his disability, or his negligence or fraud. The case of *Pride v. Commercial Insurance Company*, 9 Ala. App. 334, 63 South. 803, is not in conflict with the view herein expressed. In the *Pride Case* the agent was seeking to collect commissions on insurance unlawfully issued, and his right to claim a benefit from an illegal contract was denied. It could not be said that if appellant had instructed appellee not to write other policies of insurance until the state authorities had issued to him an agent's commission, he would be permitted to plead the nonissuance of the commission, to justify his wrongful conduct in violating positive instructions of his principal. "The law will

[Jones v. Hert, et al.]

not allow a right to spring from its own violation." —*Jemison et al. v. B. & A. R. Co.*, 125 Ala. 378, 28 South. 51.

(5, 6) The amount paid by appellant to Wilks in settlement of the suit on the policy issued by appellee contrary to the express instructions of appellant was less than the face of the policy for which the company was liable. The pleas were no answer to the complaint that the judgment against appellant was rendered by consent; and the facts averred in said pleas do not show a ratification of appellee's unlawful act in issuing the policy of insurance.

Demurrers to pleas 7 and 8 should have been sustained.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.