**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**William T. MUSGROVE, Appellee.**

**No. 19122.**

United States Court of Appeals
Fifth Circuit.

July 6, 1962.

See also 191 F.Supp. 1.

Reid B. Barnes, Birmingham, Ala., Lange, Simpson, Robinson & Somerville, Birmingham, Ala., of counsel, for appellant.

Charles A. Poellnitz, Florence, Ala., Mitchell, Poellnitz & Cox, Florence, Ala., of counsel, for appellee.

Before HUTCHESON, CAMERON and GEWIN, Circuit Judges.

CAMERON, Circuit Judge.

Appellant Continental Casualty Company sued appellee Musgrove in a diversity action to recover damages sustained by appellant in defending a suit brought by Mrs. Gladys Leith Holmes for the death of her husband Oliver Wendell Holmes, which suit was based upon an oral binder of insurance made by Musgrove as agent for appellant which purported to extend coverage on the life of said Holmes while he was piloting an airplane. This Court held that Musgrove had no authority to bind Continental as he essayed to do and reversed a judgment which had been rendered against the insurance company upon the basis of Musgrove's binder, Continental Casualty Company v. Holmes et al., 5 Cir., 1959, 266 F.2d 269.

In the action before us, Continental claimed in its original complaint that it was wrongfully required to expend the sum of $25,000.00 in the successful defense of that suit based, as aforesaid, upon the unwarranted and illegal action of its agent, Musgrove, in issuing the binder on Holmes' life. Musgrove filed a motion to dismiss the complaint against him on the ground that attorneys' fees were not recoverable in a suit by an insurance company against its agent under the laws of Alabama, asserting that the sum included as attorneys' fees should be stricken from the complaint and that the balance of the claim was less than ten thousand dollars. The complaint was in effect amended so as to present to the court below, as the sole issue involved, the question of the collectibility of attorneys' fees. This question will, therefore, be discussed in advance of a detailed consideration of the procedural question of whether the amount involved did really measure up to the minimum amount necessary to confer federal jurisdiction.

We think that the court below correctly held that under Alabama law as established in the case of Phoenix Insurance Co. v. Seegers, 1915, 192 Ala. 103, 68 So. 902, attorneys' fees were not collectible. The facts of the Seegers case are identical with those in the present case, and we are convinced that the Seegers case is still the law of Alabama. As pointed out in the opinion of the lower court, the case has been cited with approval (on another point) as late as March, 1957 in British General Insurance Co., Ltd. v. Simpson Sales Co., 265 Ala. 683, 93 So.2d 763; and its authority has never been questioned in any decision of an Alabama court.

Appellant cites a number of cases holding contrary to the Seegers case, but they are all from other states. The textbooks cite the Seegers case as announcing the minority rule and as aligning the State of Alabama with the minority. Cf. 16 Appleman, Insurance, § 8781, pp. 210–211; 32 C.J., Insurance, § 152, p. 1074, including Note 25; and 44 C.J.S. Insurance § 159, pp. 834–835.

The rule in Alabama, as stated in Seegers, is thus epitomized in the first syllabus:

"1.  Insurance ⊸83—Liability of Agent—Expenses of Suit.

"In an action by an insurance company against its agent to recover the amount which it had been compelled to pay on a policy issued by the agent without authority, the plaintiff's claim of attorney's fees for defending the suit against it on its policy was properly stricken."

The District Judge, a competent and experienced Alabama lawyer, made a detailed study of the Seegers case and exactly what was involved in it. The appellant supplied the court below with certain original papers from the court files in Seegers and the trial court considered those papers along with all available data concerning that case which would reveal the true meaning and extent of its holding. The opinion of the court below is carefully prepared, and shows that the court applied the teachings of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, in following the law announced by the Supreme Court of Alabama in the decision of the case on this point, citing also City of Albertville, Ala. v. United States Fi-

delity & Guaranty Company, 5 Cir., 1959, 272 F.2d 594, along with Matthiesen v. Northwestern Mutual Insurance Co., 5 Cir., 1961, 286 F.2d 775. Being convinced that the court was correct in its holding under the law of Alabama, we do not find it necessary to discuss the cases from other states relied upon by appellant.

We think that the record in the court below was sufficient to support its holding that the amount involved did not in fact measure up to the minimum requirements of jurisdiction. While the complaint initially stated that Continental claimed $25,000 as damages against Musgrove, when the issue was presented to the Judge, it was clear that, stripped of the item of attorneys' fees, Continental's claim was less than half of the jurisdictional minimum. The trial court held a pre-trial conference and entered an order defining the issues, a portion of which is reproduced in the margin.[1]

The "admissions by the plaintiff as to the amount of damages incurred" were filed by the plaintiff in the form of an itemization of plaintiff's damages, showing full details of what each item included. The aggregate was $21,417.43, of which, by the plaintiff's admissions, less than $5,000.00 was expended for items other than payments to the attorneys. The final order entered by the court below analyzed the amounts claimed as damages by Continental, and concluded that, eliminating what had been paid to the attorneys, the remainder was less than the amount necessary to vest jurisdiction in the court. The trial court accordingly struck the items making up the attorneys' fees and dismissed the

---

1.  "Defendant moves to strike the damages as to attorneys' fees, and it appears that this motion is well taken under the authority of Phoenix Insurance Co. v. Seegers, 192 Ala. 103, 68 So. 902. Accordingly, the motion to strike the claim for attorneys' fees be and the same is hereby granted and the same is hereby stricken.

"The defendant asserts that without the attorneys' fees, the jurisdiction of the

Court is lacking as to the jurisdictional amount. The Court will reserve a ruling on this matter pending admissions by the plaintiff as to the amount of damages incurred.

"It is, therefore, ordered by the Court that all of the above named allowances and agreements be, and the same are hereby binding upon all parties in the above styled cause, unless this order be hereafter modified by the Court * * *"

claim for the balance. This, we think, was in consonance with the Federal Rules of Civil Procedure and applicable decisions of the Supreme Court, e. g., Bell v. Preferred Life Assurance Society of Montgomery, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845; and Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890. Finding, therefore, that the judgment of the court below was right, it is

Affirmed.