An appropriate order will be entered.

William G. HAMM, Jr., as Administrator of the Estate of Alice Mae Lampkin, Plaintiff,

v.

CONTINENTAL CRESENT LINES, INC., Defendant.

Civ. A. No. 64–788.

United States District Court
N. D. Alabama,
Northeastern Division.
Jan. 27, 1965.

54

William G. Hamm, Jr., of Hamm & Hamm, Huntsville, Ala., for plaintiff.

Ralph H. Ford, of Ford, Caldwell, Ford & Payne, Huntsville, Ala., for defendant.

GROOMS, District Judge.

The defendant has filed a motion to dismiss Count Two of the complaint. In Count One the plaintiff, suing as Administrator of the Estate of Alice Mae Lampkin, claims the sum of $10,000.00 as damages under the Alabama Homicide Act (Title 7, Section 123, Code of Alabama 1940) for the wrongful death of his intestate. Under Count Two of the complaint the plaintiff claims the sum of $500.00 for damages to an automobile driven by his intestate at the time of her injury and death. It is averred in said count that "said intestate was the bailee of the vehicle operated by her at said time and place and that said automobile was owned by her step-father, Henry Sullivan."

Section 123(1), Title 7, Code of Alabama 1940, provides as follows:

"The personal representative of a deceased person may maintain an action in a court of competent jurisdiction within the state of Alabama, and not elsewhere, and recover such damages as the jury may assess, for injuries or damages *to the property of the decedent* resulting from the same wrongful act, omission or negligence which caused the death of the decedent, provided the decedent could have maintained such action if the wrongful act, omission or negligence causing the property damage had not also caused his death. Such action may be maintained, though there has not been prosecution or conviction, or acquittal of the defendant for the wrongful act, omission or negligence; and shall not abate by the death of the defendant, but may be revived against his personal representative. The damages recovered are not subject to the payment of the debts or liabilities of the decedent, but must be distributed according to the statute of distributions. Such action must be brought within one year from and after the death of the decedent." (Emphasis supplied)

By virtue of Section 92 of Title 7 which provides: "mere possession of a chattel, if without title, or wrongfully, will give a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession," the decedent, as bailee, could have maintained an action to recover for damages to said vehicle. The question here presented is whether the personal representative of the decedent may maintain an action where it is averred as here that the property belonged not to the decedent but to someone else. In Standard Accident Insurance Co. v. Whitset, 270 Ala. 334, 118 So.2d 922,[1] the court stated:

"The right to bring an action for property damage after the death of the injured party has thus been extended to the personal representative of the decedent by virtue of the foregoing section. Prior to the passage of the same there was no such right, since the right to bring an action

1. See Motors Insurance Corporation v. Loftin, Ala., 170 So.2d 281 (1964).

after the death of the injured party before that time was controlled by Tit. 7, § 150, Code of Alabama of 1940, as amended, which does not provide for the survival of personal causes of action *in favor* of the personal representative of the decedent.

\*    \*    \*    \*    \*    \*

"Tit. 7, § 123(1), supra, does not create a right in the *estate* of the decedent but creates a right in the *personal representative* of the estate of the decedent."

The insurer in that case claimed that it was subrogated to the rights of the insured who owned the car at the time of his death. The court refused to extend the benefits of Section 123(1) to the subrogee, and this Court is of the opinion that Section 123(1) cannot be extended to cover damages to property belonging to someone else since the statute specifically provides that the personal representative may recover for injury or damages *to the property of the decedent* and makes no provision for the recovery of damages to bailed property in the hands of the decedent.

█ The plaintiff is not entitled to maintain Count Two. In view of this holding, is the requisite jurisdictional amount involved? The claim in Count One does not "[exceed] the sum or value of $10,000.00, exclusive of interest and costs." (Title 28, Section 1332(a), U.S. C.A.)

In Continental Casualty Co. v. Musgrove, 5 Cir., 305 F.2d 9, an action was brought by an insurance company against its agent to recover $25,000.00 expenses incurred by the company in defending a suit based upon an oral binder which had been made without authority by the agent. Included in the sum of $25,000.-00 was more than $15,000.00 attorney's fees which were not collectible under Alabama law. Phoenix Insurance Co. v. Seegers, 192 Ala. 103, 68 So. 902. Excluding such attorney's fees, the requisite jurisdictional amount was lacking. The lower court struck the item of attorney's fees and dismissed the claim for the balance. The Court of Appeals affirmed. The situation presented there cannot be distinguished from that presented here.

The Court lacks jurisdiction of this case and, consequently, hereby remands the same, *ex mero motu,* to the Circuit Court of Madison County, Alabama, in which it emanated and from which it was removed.