This is an insurance case.
The original suit was filed by Barbara Sue McClure against appellant, Progressive Casualty, seeking proceeds from an insurance policy. Progressive filed a third-party complaint seeking indemnity against appellee, Ralph A. Blythe, Jr., d/b/a Blythe Insurance Investments. The basis of the third-party action was that Blythe had wrongfully signed the name of Bobby Jean McClure to the portion of an insurance application dealing with rejection of uninsured motorist coverage.
The case between McClure and Progressive was settled for $7,500. On January 27, 1977, the third-party suit was tried in the Circuit Court of Tallapoosa County before a jury resulting in a verdict and judgment for Blythe. During the trial of the case, Progressive requested a directed verdict which was denied. Progressive then filed a motion for judgment n.o.v. or, in the alternative, for a new trial, both of which were denied. Appellant is now seeking relief from this court alleging error in the trial court's denial of appellant's motion for a directed verdict and judgment n.o.v.
The pertinent facts as revealed by the record disclose the following: *Page 1064 
Since January, 1965, Allyson Blythe has operated an independent insurance agency and has dealt in real estate and automobile financing. In financing automobiles, he customarily made application for insurance in connection with the financing contract. In October of 1975, Curtis Mann called Blythe, stating that he wanted to sell a motorcycle to Bobby McClure and wanted Blythe to finance it. As part of the financing arrangement, Mann and Blythe agreed on an insurance policy for the motorcycle which covered liability and physical damage. Mr. Blythe never discussed the policy with the named insured, McClure, although the cost of the insurance was added to the financing contract and included in the selling price of the motorcycle. Mr. Blythe signed the name of Bobby J. McClure to the application and also signed McClure's name to the part of the insurance application which rejects uninsured motorist coverage. Appellee Blythe testified that he intended the purported signature of the applicant to appear as the genuine signature of the applicant.
A short time after the insurance was taken out, Barbara Sue McClure was involved in an accident with an uninsured motorist and attempted to recover from Progressive under the policy. As set out above, a settlement was made because the signing of McClure's name was not effective to reject the uninsured motorists coverage. See State Farm Mutual Automobile Ins. Co.v. Martin, 292 Ala. 103, 289 So.2d 606 (1974).
Appellant contends that appellee-Blythe is liable to appellant for the amount which appellant had to pay as a result of the rejection being ineffective by virtue of Blythe signing McClure's name. Appellant argues, therefore, that the trial court was in error in denying his motions for directed verdict and judgment n.o.v.
Appellee, in turn, argues that there is a fatal variance between the pleadings and the proof in that appellant did not elect as to which alternative he would rely under Tit. 7, § 108, Code of Alabama 1940. Appellee contends that this alone is sufficient to affirm the trial court and jury verdict. We cannot agree.
In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. See Rule 9 (b), ARCP. This rule is designed to qualify the generalized notice pleading permitted by Rule 8 (a).
 "But this special requirement as to fraud and mistake does not require every element in such actions to be stated with particularity. It simply commands the pleader to use more than generalized or conclusory statements to set out the fraud complained of. The pleading must show time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained. . . ." 1 Lyons, Alabama Practice, at 130.
After a careful review of the record, this court finds that the third-party complaint, in the original and amended version, is sufficient to allege a good cause of action in fraud. All the pertinent facts on which the cause of action was based were set out as required by the Alabama Rules of Civil Procedure. We therefore find no merit to appellee's contention that an election must be made. This is due to the fact appellant's complaint was adequate to support a cause of action in fraud, whether the fraud was willfully to deceive, recklessly without knowledge or by mistake and innocently. All parties were informed as to the issues; the proof was confined to the issues; and there is, therefore, no variance between the pleadings and proof so as to preclude a review of the trial court's action.
The question now for answer by this court is whether a soliciting insurance agent is liable for damages arising from his misrepresentations to an insurance company. Should that question be answered in the affirmative, the next question is whether the trial court erred in denying appellant's motion for directed verdict and/or judgment n.o.v.
Appellant contends appellee-Blythe should have to indemnify Progressive for *Page 1065 
the loss sustained by reason of appellee's misrepresentation that McClure's signature was authentic. Tit. 7, § 108, Code of Alabama 1940, provides that:
 "Misrepresentation of material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud." [Emphasis supplied.]
As is clear from the undisputed evidence, appellee admitted that he signed the rejection and did so with the intent that the insurer (appellant-Progressive) would believe that it was the genuine signature of the insured. It is a clear proposition of law that a misrepresentation of a material fact, whetherintended to deceive or not, may create a right of action if the other party reasonably relied thereon and it formed an inducement to his prejudice. See Hall Motor Co. v. Furman,285 Ala. 499, 234 So.2d 37 (1970).
In light of State Farm Mutual Automobile Ins. Co. v. Martin,supra, it is obvious that appellant was induced to rely to his prejudice by reason of the misrepresentation. In that case, the court said that a rejection of uninsured motorist coverage will be effective only if signed in writing by the named insured. Therefore, as in the present case, if the named insured didn't sign the rejection, the insurer would still be forced to pay under that portion of the policy even if someone attempted to sign for the applicant. Thus, appellant relied upon appellee's representation, whether innocent or not, that the applicant's signature was authentic.
Along the same line, appellee contends that appellant-Progressive was not bound by the application for insurance and could have rejected it before it became effective, thus relieving appellee of any liability based upon its representations. Such is not the case. As stated by the Court of Appeals of Alabama in Crumpton v. Pilgrim Health Life Ins. Co., 35 Ala. App. 363, 366, 46 So.2d 848, 851 (1950):
 "The principal has a right to presume that the representations made to him by his agent are true and accurate."
Thus, appellant-Progressive had every reason and right to believe that the signature of McClure on the application was authentic and would relieve them of any obligation for uninsured motorist coverage. To hold otherwise would impose an unreasonable burden on the insurance company and require them to inquire into each agent's representation to determine its validity.
Appellee, through able counsel, further contends that no liability can be imputed to appellee-Blythe unless appellant had issued specific instructions concerning the manner of filling out insurance applications. This point is well taken in view of cases holding an insurance agent liable for damages arising out of noncompliance with instructions. SeeManufacturers Casualty Insurance Co. v. Martin-LebretonInsurance Agency, 242 F.2d 951 (5th Cir. 1957); PhoenixInsurance Co. v. Seegers, 192 Ala. 103, 68 So. 902 (1915).
However, the issue in this case is one of whether a soliciting insurance agent is liable to his principal-insurance company for damages caused by his misrepresentation upon which the principal relied. The Supreme Court of Alabama in Ringer v.First National Bank of Stevenson, 291 Ala. 364, 370,281 So.2d 261, 267 (1973), stated that:
 "It is fundamental that all persons are under a duty not to fraudulently misrepresent material facts to persons with whom they have business dealings. The Restatement of Torts, Section 525, states:
 "`One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or refrain from action in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation.'" *Page 1066 
The facts are wholly without dispute. The record reveals that appellee-Blythe signed the name of McClure with the intention of representing to appellant-Progressive that it was the authentic signature of McClure. Appellant, in issuing the policy, relied on such representation and eventually became liable by virtue of its invalidity. Such a chain of events constitutes a case of legal fraud, whether the representation was innocent or otherwise.
It is a settled proposition of law that an insurance agent is liable in damages for any loss sustained by the company arising from the agent's breach of duty, or by reason of any agent's failure to follow instructions, unless the company is estopped or has waived its right to take advantage of the breach of duty in the particular case. See 44 C.J.S. Insurance § 159 (1945);Manufacturer's Casualty Insurance Co. v. Martin LebretonInsurance Agency, supra; Phoenix Insurance Co. v. Seegers,supra.
This court can find no evidence in the record that appellant-Progressive waived its rights by condoning such activity in the past. The appellee testified that he had followed this procedure for years. However, such activities do not impart knowledge to the appellant so as to create a waiver or estoppel.
Summarizing, this court, after a careful review of the record, finds the facts in this instance constitute a case of legal fraud as set out in Tit. 7, § 108, Code of Alabama. Appellee misrepresented a material fact, the appellant justifiably relied on such misrepresentation and a loss was sustained. The law is settled that appellee must indemnify the appellant for such loss sustained by appellee's breach of duty.
We now proceed to ascertain whether the trial court erred in denying appellant's motions for directed verdict and judgment n.o.v.
The rule in Alabama is that neither a motion for directed verdict nor a motion for judgment n.o.v. should be granted if there is any conflict in the evidence for the jury to resolve, and the existence of such conflict is to be determined by the scintilla rule. See McLarty v. Wright, 56 Ala. App. 346,321 So.2d 687 (1975).
In Southern Glass and Builders Supply Co. v. United States,398 F.2d 109, 111 (5th Cir. 1968), the court said:
 "Whenever the evidence is such that fair-minded men may draw different inferences or different conclusions therefrom, a question of fact has been presented which only the jury may decide. . . But
when there is no evidence presented from which a rational conclusion can be drawn in favor of a party, the District Judge may direct a verdict against such party."
As is evident from the record and briefs filed with this court and as indicated above, there were no pertinent facts in dispute. Thus, the question before the trial court was one of law. There were no conflicts in the evidence for the jury to resolve and, therefore, the trial court erred as a matter of law in denying appellant's motions for directed verdict and judgment n.o.v.
This cause is thus due to be reversed and remanded to the trial court for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1067