WRIGHT, Presiding Judge,
dissenting:
I respectfully dissent. There is substantial distinction between the facts of this case and those of Youngblood. The alleged misrepresentation in this case was not such as to lead the employee to believe that liability for his injury was admitted and in time would be compensated as in Youngblood. Rather, in this case the misrepresentation is alleged to be that the employee had no compensable injury. This representation is claimed to have been relied upon by the employee for more than the year of the statute, even though he was continually suffering with his injured leg. At no time during the year did he seek other advice or medical opinion, nor did he return to Dr. McGinley for further opinion or treatment. Employee followed such course though he knew that he had one year to file an action in court for his injury.
It appears that a claimant stands in the same position as anyone else to whom a representation is made affecting his interest. There must be reasonable reliance thereon. Progressive Casualty Insurance Company v. Blythe, 350 So.2d 1062 (Ala. Civ.App.1977). I do not consider it reasonable for one in pain from an injury to suffer for a year without question of a physician’s statement of opinion that his injury has healed without disability. If it is otherwise, how long may he delay action?