ROGERS, Respondent, vs. PRIEST, imp., Appellant.

*September 27 — October 15, 1889.*

*(1) Attorneys at law: Partnership: Promissory notes: Estoppel. (2) Failure to loan moneys as agreed: Commissions. (3) Fees for foreclosing mortgages. (4, 5) Liability for interest: Demand. (6) Payment: Evidence.*

1. One partner in a firm of attorneys has no implied authority to give a firm note; but the partner giving such a note, and who himself received the money for which it was given, is estopped to deny its validity.

2. Money was intrusted to attorneys who agreed to loan it at ten per cent. interest on good security. They failed in their duty in respect to most of the money, dealing with it, or part of it, as their own, and using the proceeds of some of the loans for their own purposes. *Held*, that they were not entitled to commissions on the loans made.

3. Nor were they entitled to compensation, beyond the taxable costs, for foreclosing mortgages given to secure the loans, there having been no agreement for such compensation, and no charge for such services having been made on their books until after an action was brought to recover the money intrusted to them, eight or ten years after the services were rendered.

4. Attorneys who received money under a contract to invest it at ten per cent. interest, and, failing to invest it all, used a part of the balance, were charged with interest at ten per cent. on the amount so used and at seven per cent. on the amount not invested or used. *Held*, that there was no error in such charge of which they could complain.

5. No demand was necessary to charge them with such interest, the money having been due to the owner as soon as they failed to invest it as agreed.

6. To prove an alleged payment a defendant produced a diary containing a charge against the plaintiff of cash to a certain amount. He testified that he could not remember the item without the aid of the diary. The plaintiff testified positively that she never received the money. *Held,* that there was no such preponderance of evidence as would justify this court in disturbing the referee's disallowance of such payment.

APPEAL from the Circuit Court for *Winnebago* County.

The action was brought on a promissory note made by the defendants, as partners, in their firm name, to the plaintiff, for $105 and ten per cent. interest, dated July 10, 1877, and indorsed $10.50 paid thereon August 15, 1878, and $10, July 5, 1879. Also to recover certain moneys alleged to be held by the defendants in trust for the use of the plaintiff. The action was commenced in 1884. The defendants interposed a counterclaim for services rendered by them for plaintiff, and for moneys paid to her. They also answered the statute of limitations. Plaintiff replied to the counterclaim, which reply is, in substance, a general denial of the averments thereof.

The cause was referred to Judge Cleveland to hear, try, and determine. The referee filed his report, dated October 14, 1888, in favor of the plaintiff, and stated an account of the transactions between the parties. The court confirmed the report, and gave judgment for the plaintiff in accordance therewith. A more specific statement of the case is contained in the opinion. The defendant *Priest* appeals from the judgment.

*De W. C. Priest,* appellant, in person.

For the respondent there was a brief by *Spence & Hiner,* and oral argument by *T. W. Spence.*

Lyon, J. The note described in the complaint was put in evidence, and the payment of the sums indorsed thereon

at or about the date of the indorsements was duly proved. This takes the note out of the operation of the statute of limitations. It was claimed in the argument that one partner in a firm of attorneys has no implied authority to give a firm note. No doubt such is the general rule of law. *Smith v. Sloan*, 37 Wis. 285. But in this case the note was signed in the firm name by the appellant himself, and the plaintiff testified that she paid to him the money for which it was given. Under these circumstances the appellant cannot be heard to deny the validity of the note.

From 1874 to 1877 the defendants were partners in the business of practicing attorneys in the city of Fond du Lac. The plaintiff intrusted to them moneys for investment, as follows: September 5, 1874, $1,068.73; May 22, 1875, $135; and June 8, 1876, $320. The contract was that the money should be loaned by them at ten per cent. interest, on good security. The defendants dealt with the money, or part of it, as their own; and, although they loaned considerable portions of it, they retained the securities, collected such loans, and used the proceeds for their own purposes, except a loan of $150, to one Curtis; another of $100, to one Youmans; and a balance of $63, to one Mason; and except also certain payments made to the plaintiff by the defendants, to be hereinafter noticed. The securities for the loans last mentioned were delivered to plaintiff, and the defendants had nothing further to do with them. The defendants, under date of June, 1876, made formal entries in their books of loans to the amount of $270 of plaintiff's money in their hands to themselves, and, in December of that year, of $202 in like manner. They also entered on their books, from time to time, computations of interest thereon at the rate of ten per cent. per annum. During the years 1875 and 1876 the defendants collected interest on such loans to others to the amount of $176.84, and applied the same to their own use.

The foregoing facts were proved on the trial, and found by the referee. Hence, after these transactions, say on January 1, 1877, the accounts between the parties, aside from payments to plaintiff (which will be considered later), stood thus:

| | | |
|---|---:|---:|
| Amount of plaintiff's money thus placed in defendants' hands for investment | $1,523 | 73 |
| Interest collected by them on loans | 176 | 84 |
| Interest for six months at ten per cent. on $270 loaned by defendants to themselves in June, 1876 | 13 | 50 |
| | $1,714 | 07 |
| Deduct securities received by plaintiff | 313 | 00 |
| | $1,401 | 07 |

All the items charged in the complaint and answer, including those in the counterclaim, are involved in the accounting. The pleadings, taken together, demanded a statement of an account between these parties. When properly stated, the account necessarily will include all matters in issue between them.

It will be convenient to notice here some objections to the report of the referee. One is that he did not expressly pass upon the charges for services contained in the counterclaim. True, his report is silent as to these, but he did not allow them, and the effect thereof is that he disallowed them entirely. They will therefore be regarded as having been disallowed by him. These charges are for commissions for loaning a portion of the money so left with the defendants for investment, and for professional services in the foreclosure of certain mortgages for the plaintiff in 1874, 1875, and 1877. The charges for commissions cannot be allowed. The defendants were trustees and agents of the plaintiff to loan her money for her on good security. They failed in their duty to her in respect to the most of it, and the result is she has had five years of litigation to get her money back, and has not yet fully succeeded. The

idea of giving them a commission for loaning a few hundreds of dollars which they properly loaned for her benefit cannot be entertained. They failed essentially in their duty to the plaintiff, and have no legal or moral claim for commissions.

In all the dealings between the parties, running through several years, an intention to make any charges in the foreclosure actions, beyond taxable costs, was not suggested to the plaintiff. There is no charge for these services on defendants' books of account, except that after this action was commenced, and probably eight or ten years after the services were rendered, entries of such charges were made by some one at the foot of other entries in those cases in the office docket of the defendants. It is reasonable to believe the referee inferred from these facts that the defendants were content to take the taxable costs of the statute (which they received) as their compensation, and declined to allow them, years afterwards, to surcharge their account pending this litigation. But, whatever may have been the grounds upon which the referee rejected the charges, we think they come altogether too late to be considered with favor. They must stand rejected.

The referee allowed the plaintiff ten per cent. interest on $472 thus formally loaned by the defendants to themselves, and seven per cent. on all other sums for which they are accountable to the plaintiff. There is no error in this interest charge of which the defendants can justly complain. Their contract was to loan the plaintiff's money on ten per cent. interest, and they constantly recognized their obligation to pay that rate on the unauthorized loan to themselves. Indeed, in a brief statement of their accounts, made by the defendant Carter in 1879, when the parties were endeavoring to adjust the account, which statement the plaintiff has put in evidence, the defendants seem to recognize their liability to pay that rate of interest on all moneys of the

plaintiff for which they are accountable to her. The balance due the plaintiff was ascertained in that statement, and the defendants executed their note to her for the amount of it, and gave such note to her, but she refused to retain it. The note was for $1,100. Had she kept it, the statement would probably have the conclusive effect of an account stated. The referee did not give it that effect, and on this appeal by one of the defendants we cannot disturb his ruling.

It was claimed by the appellant in his argument in this court that no interest could lawfully be charged against the defendants until due demand of the money, and that no demand at any particular time was found by the referee. The point is not well taken. The money was due the plaintiff as soon as the defendants failed to invest it as they agreed, and no demand was necessary to entitle her to interest thereon from that time.

The referee found that defendants had made payments to plaintiff aggregating in each year as follows: In 1875, $61; in 1876, $387.80; in 1877, $110.36; in 1878, $95; in 1879, $57; in 1880, $112; in 1881, $100; in 1882, $77; in 1883, $100; and in 1884, $80. The date and specific amount of each item is reported. We have examined the pleadings and testimony with much care, and are quite unable to say that any item in defendants' account, which should have been allowed, was disallowed or omitted by the referee, or that any amount has been allowed to the plaintiff to which she is not legally entitled. The testimony is somewhat confused in respect to dates, and in some cases it has been difficult to identify the items in the account to which it refers, but the best scrutiny we have been able to exercise satisfies us that all the items of payments admitted in the complaint (and they are quite numerous), and all the items charged in the defendants' regular books of account, and many more, and all that are fairly sustained by proof, were allowed the defendants by the referee and court.

Only a single item in the account requires special notice. The appellant produced in court a diary, or book of memoranda, containing a charge to the plaintiff under date of November 3, 1877, of cash, $110.50. He testified on cross-examination that he could not remember the item without the aid of his diary. The plaintiff testified positively that she never received the money. On this testimony the referee rejected the item. We cannot say that there is such a clear preponderance of evidence in support of it that we should be justified in disturbing his ruling in that behalf.

The report of the referee is silent as to the mode of computing interest. It seems necessary, therefore, that this court should indicate the proper basis for such computation. The balance with which the defendants were chargeable January 1, 1877, has already been stated to be $1,401.07, without the deduction for payments made to that date. The amount of such payments, being $448.80, should be deducted, which leaves a balance of $952.27 due January 1, 1877. To that balance interest on $472 at ten per cent., and on the residue thereof at seven per cent., for one year, should be added, and the amount of payments for that year (1877), with interest thereon at seven per cent. for six months (that being the fair equated time of such payments), should be deducted. The balance is the amount due January 1, 1878. The same process should be continued until January 1, 1885, and on the balance found due at that date interest at the same rates should be computed to the date of the referee's report, October 14, 1886. It will be observed that no interest is allowed on payments to plaintiff preceding January 1, 1877. The reason is that the interest allowed plaintiff to that date does not include any interest on sums for which the defendants are chargeable, except on the $472. It is believed that such omitted interest will equal those on payments omitted from the other side of the account. Computing interest on the basis afore-

said, and applying the foregoing rules, the account from January 1, 1877, should be stated as follows:

| | | |
|---|---:|---:|
| Due plaintiff, January 1, 1877 ......................... | | $952 27 |
| Interest, 1 year, on $472, at 10 per cent .... ....... | $47 20 | |
| And on $480.27, at 7 per cent ..................... | 33 62 | |
| | | 80 82 |
| | | |
| | | $1,033 09 |
| Payments in 1877.... .. ...................... | $110 36 | |
| Six months' interest.............................. | 3 86 | |
| | | 114 22 |
| | | |
| Due January 1, 1878 ...................................... | | $918 87 |
| Interest as above...................................... | | 78 48 |
| | | |
| | | $997 35 |
| Payments in 1878 ... ............................ | $95 00 | |
| Interest, 6 months............................... | 3 33 | |
| | | 98 33 |
| | | |
| Due January 1, 1879 ..................................... | | $899 02 |
| Interest as above...................................... | | 77 09 |
| | | |
| | | $976 11 |
| Payments in 1879 ................................. | $57 00 | |
| Interest, 6 months .............................. | 2 00 | |
| | | 59 00 |
| | | |
| Due January 1, 1880 .............. ..................... | | $917 11 |
| Interest as above...................................... | | 78 36 |
| | | |
| | | $995 47 |
| Payments in 1880 ........ ...................... | $112 00 | |
| Interest, 6 months .... ......................... | 3 92 | |
| | | 115 92 |
| | | |
| Due January 1, 1881 .......... ...................... | | $879 55 |
| Interest as above..................................... | | 76 25 |
| | | |
| | | $955 80 |
| Payments in 1881 ................................. | $100 00 | |
| Interest, 6 months .............................. | 3 50 | |
| | | 103 50 |
| | | |
| Due January 1, 1882 ....... ........ ............. | | $852 30 |
| Interest as above..................................... | | 73 82 |
| | | |
| | | $926 12 |

Rogers vs. Priest, imp.

| | | |
|---|---:|---:|
| Amount forward.......................................... | | $926 12 |
| Payments in 1882 ................................. | $77 00 | |
| Interest, 6 months ...................... .......... | 2 70 | |
| | | 79 70 |
| Due January 1, 1883........................................ | | $846 42 |
| Payments in 1883 ................................. | $100 00 | |
| Interest, 6 months ................................. | 3 50 | |
| | | 103 50 |
| Due January 1, 1884........................................ | | $742 92 |
| Interest as above............................................ | | 66 16 |
| | | $809 08 |
| Payments in 1884... ............................. | $80 00 | |
| Interest, 6 months ................................. | 2 80 | |
| | | 82 80 |
| Due January 1, 1885 ........................................ | | $726 28 |
| Interest as above to October 14, 1886....................... | | 116 08 |
| Due at date of referee's report............................. | | $842 36 |

There was also due on the note for $105, described in the complaint, at the date of the referee's report, $177.71. The referee made it $181.74. He also found the balance in favor of the plaintiff on the account stated to be $943.63; amounting, together, to the sum of $1,125.37. These sums are too large. The basis of the judgment should be the balance found due the plaintiff on the account above stated, to wit, $842.36, and $177.71, the sum due on the note,— amounting to $1,020.07, with interest at ten per cent. per annum on $649.71 thereof, and at seven per cent. for the residue ($370.36) from the date of the referee's report, October 14, 1886, to the date of judgment. The circuit court is at liberty to correct any errors in the above computations which may be discovered.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to enter judgment for plaintiff as indicated herein.