St. Paul Fire & Marine Insurance Company, Appellant, vs. Laubenstein, Respondent.

*December 10, 1915—January 11, 1916.*

*Principal and agent: Negligence or bad faith of agent: Questions for jury.*

1. An agent is bound to exercise good faith and diligence in his relations with his principal and in following his instructions.
2. For failure to exercise ordinary care in the discharge of his duties, an agent will be liable to his principal.
3. In an action by an insurance company for an alleged breach of duty by an agent, there being evidence which would warrant the jury in finding that defendant made certain false representations to plaintiff either negligently or in bad faith and that plaintiff relied thereon in issuing a policy upon which it afterwards had to pay the amount of loss, it was error to direct a verdict for defendant.

Appeal from a judgment of the circuit court for Shawano county: John Goodland, Circuit Judge. *Reversed.*

This action was brought to recover damages growing out of an alleged breach of duty by the defendant as agent of the plaintiff.   The plaintiff is an insurance company and the defendant acted as its agent in the vicinity of Gresham, Wisconsin, and as such agent issued a policy of insurance upon

certain property, and it is the claim of the plaintiff that said defendant made certain representations respecting the property to the company which induced the issuance of the policy and which representations were untrue, in consequence of which the plaintiff sustained damages, which it seeks in this action to recover from the defendant.

After the evidence was all in the court directed a verdict for the defendant and judgment was entered accordingly, from which this appeal was taken.

*Daniel H. Grady,* for the appellant.

For the respondent there was a brief by *Dillett & Winter,* and oral argument by *P. J. Winter.*

KERWIN, J. The plaintiff through the defendant, its agent, issued a policy of insurance upon certain property of one Anna Huntington. The property was destroyed by fire, suit brought to recover, the case settled, and amount of loss paid. The present action was then brought to recover the damage alleged to have been sustained by plaintiff on account of the alleged breach of duty of defendant in procuring the insurance.

It is contended on the part of appellant that the court erred in refusing to direct a verdict for plaintiff and in directing a verdict for defendant.

In procuring the insurance it is claimed by plaintiff that the following false representations were made by defendant: (1) That the applicant owned forty-one acres of land; (2) that the cash value of the land was from $600 to $800; (3) that the appearances indicated applicant to be a good, thrifty farmer; (4) that there was a stone and post foundation under the building; (5) that a steam sawmill ninety-five feet from the risk ran only six or eight weeks each season; (6) that such mill would not operate after that season; and (7) that boarders were kept only while the sawmill was in operation.

A written application was taken by defendant and signed by the applicant. Some of the above representations, notably that the foundation under the building was of stone and posts and that applicant owned forty-one acres, were contained in such written application. The evidence showed that the applicant owned at the time the application was signed only one acre of land, but had been negotiating for forty acres more. There is evidence that defendant asked the questions contained in the written application and wrote in the answers given by the applicant. There is also evidence that a few days before defendant obtained the application from Anna Huntington he attempted to procure insurance on the Huntington property in another company, representing the property to be a boarding house.

The basis of the claim of plaintiff to recover in the present action is the false representations of the defendant, relied upon by plaintiff, and from which it is alleged damages resulted to plaintiff.

The claim of the defendant is that the representations were true, made in good faith, and if any thereof were not true the defendant is not liable because as agent of plaintiff he acted in good faith in the line of his duty and was guilty of no negligence.

We think the question of liability of the defendant was for the jury, therefore the court below was in error in directing a verdict.

There was evidence which would warrant the jury in finding that some at least of the representations were not true and that the defendant was either guilty of negligence or bad faith in making them. There is also evidence which would entitle the jury to find that the plaintiff relied upon the representations made in issuing the policy.

An agent is bound to exercise good faith and diligence in his relations with his principal and in following the instructions of his principal. *Sicklesteel v. Edmonds,* 158 Wis.

122, 147 N. W. 1042; *Hall v. Storrs,* 7 Wis. 253; *Phœnix Ins. Co. v. Frissell,* 142 Mass. 513, 8 N. E. 348; *Continental Ins. Co. v. Clark,* 126 Iowa, 274, 100 N. W. 524.

An agent in the discharge of his duties as such must exercise ordinary care, and for negligence in failing to do so he will be liable to his principal. 2 Corp. Jur. tit. Agency, §§ 381, 382.

It was clearly for the jury to say whether some at least of the representations were true, and whether if false the defendant acted in good faith or was guilty of negligence in making them. We shall not undertake to specify what questions should have been submitted to the jury, since the evidence may be different upon another trial. Error was committed in directing a verdict for the defendant, and the judgment must therefore be reversed.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for a new trial.