T. J. WRIGHT *v.* HARRISON & BLACK.

(*Nashville.*   December Term, 1916.)

1. **FRAUDS, STATUTE OF.**   Sale at auction.   Memorandum. Sufficiency.

A memorandum signed by an auctioneer is sufficient, because he is the agent for both parties, with authority to act for the seller and buyer; but to be effectual it must not only be signed by the auctioneer, but the substantial terms of the contract must be contained therein or in another writing to which it refers. (*Post, pp.* 161, 162.)

Cases cited and approved: Pipkin v. James, 20 Tenn., 326; Adams, Trustee, v. Scales, 60 Tenn., 337; Gudyer v. Darnes, 51 Tenn., 570; Johnson v. Kellogg, 54 Tenn., 262.

2. **FRAUDS, STATUTE OF.**   Sale at auction.   Memorandum. Sufficiency.

The agency of the auctioneer enabling him to sign the memorandum so as to bind the buyer ends with the sale, and a memorandum made subsequently is inadequate.   (*Post, p.* 162.)

Cases cited and approved: Craig v. Godfroy, 1 Cal., 415; Bamber v. Savage, 62 Wis., 110.

3. **FRAUDS, STATUTE OF.**   Memorandum.   Sufficiency.

The description in the memorandum of the subject-matter of the contract must be such that it will be capable of identification, and where it is sought to identify the land sold by reference to some other instrument, the instrument which contains the description must be clearly referred to and identified by the memorandum or contract.   (*Post, p.* 162.)

Cases cited and approved: Pulse v. Miller, 81 Ind., 190; Hitchcock v. Southern Iron, etc., Co., 38 S. W., 588.

4. **FRAUDS, STATUTE OF.**   Sale at auction.   Memorandum. Sufficiency.

In view of Shannon's Code, section 3142, subsec. 4, providing no action shall be brought upon any contract for the sale of lands,

unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized, a memorandum made by an auctioneer showing only the name of the purchaser, the number of the lot and the price, without reference to the plat or any other instrument capable of identifying the lot sold and not signed by the seller nor by.the auctioneer, cannot be enforced. (*Post, p.* 162.)

FROM RUTHERFORD.

Appeal from the Chancery Court of Rutherford County.—W. S. BEARDEN, Judge.

BROWN & BROWN, for appellant.

RIDLEY & RICHARDSON and T. B. LYTLE, for appellee.

MR. SPECIAL JUSTICE CLARK delivered the opinion of the Court.

The bill in this case was filed for the purpose of having an alleged contract, with reference to the sale of real estate, declared forfeited and to recover a judgment for money paid by complainant to defendants on said contract.

It is charged in the bill that the defendants, T. H. Harrison and Joe M. Black, were partners under the name and style of Harrison & Black, and that they were engaged in the sale of real estate; that they were the owners of a valuable tract of land near the city of Murfreesboro, Tenn., which tract of land they

Wright v. Harrison & Black.

had divided into lots, and offered said lots for sale at public auction. Complainant further charges that, at said sale, he became the purchaser of eleven of said lots at the aggregate price of $3,745, that he paid $936.25 of the consideration in cash, and that he agreed to pay the balance in four equal installments, due in one, two, three, and four years from date of purchase, in accordance with the terms of sale; that defendants had failed and refused to execute and deliver to him a deed according to the terms of the sale and purchase; but, on the contrary, insisted on complainant accepting a deed containing certain conditions and restrictions that were not embraced in the contract of sale, which deed complainant had refused to accept. Complainant prayed that the contract between him and the defendants be decreed forfeited on the part of defendants, for judgment for $936.25, being the amount paid by complainant to defendants, and for general relief.

Defendants answered complainant's bill, and also filed a cross-bill, in which, among other things, it is charged that said eleven lots were sold at a public sale, by an auctioneer, and that proper memorandum was made by said auctioneer at the time of the sale sufficient to take the case out of the operation of the statute of frauds. In the cross-bill the defendants prayed that the complainant in the original bill be decreed to be the purchaser of the lots in controversy, that a lien be declared on the lots for the unpaid purchase money (more than a year having

elapsed since said sale was made), that cross-complainants have judgment against cross-defendants, and that the lots be sold to satisfy the judgment.

Complainant answered the cross-bill denying the material allegations thereof, and, among other things, denied that the defendants or the auctioneer made any memorandum of the sales to complainant sufficient to take the case out of the operation of the statute of frauds.

Proof was taken and the case tried. The chancellor held that the memorandum made by the auctioneer was not sufficient to take the case out of the operation of the statute, and decree for complainant. The defendants have appealed, and they assign this holding of the chancellor as error.

This brings us to a consideration of the question: Was the memorandum made by the auctioneer on the day of the sale a sufficient compliance with the statute of frauds so as to make the contract between complainant and defendants valid and enforceable?

On the day of the sale, the auctioneer kept a book in which was recorded the names of the successful bidders, the number of the lot purchased by each, and the price to be paid for same. At the top of the front page of this book was written the following: "List of the names of the purchasers of lots sold May 20, 1914, and the number of each lot, and the price bid for same." Just below this heading was written: "Name, ———, No. ——. Price, ——." As above stated, as the lots were bid off, the name of the pur-

chaser, the number of the lot purchased, and the price to be paid for same, were entered at the places, respectively, provided for them. Complainant's name, the numbers of the lots bid off by him, and the price to be paid for each lot were entered on this book in the way and manner indicated. On the day of the sale, there was a plat on the ground giving the numbers and showing the location of the different lots, but no reference was made in the book or memorandum to this plat.

The statute in question is as follows:

"No action shall be brought: . . . (4) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year, . . . unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized." Shannon's Code, section 3142, subsec. 4.

It has been held by this court that a memorandum signed by an auctioneer is sufficient, because he is the agent for both parties, with authority to act for the seller and buyer. *Pipkin* v. *James*, 1 Humph., 326, 34 Am. Dec., 652; *Adams, Trustee,* v. *Scales,* 1 Bax., 337, 25 Am. Rep., 772. But the memorandum, to be effectual, must not only be signed by the auctioneer, but the substantial terms of the contract must be contained in the memorandum, or in some other writing

137 Tenn.—11

to which it refers. *Pipkin* v. *James,* supra; *Gudyer* v. *Barnes,* 4 Heisk., 570; *Johnson* v. *Kellogg,* 7 Heisk., 262.

The agency of the auctioneer enabling him to sign the memorandum so as to bind the buyer ends with the sale, and a memorandum made subsequently is inadequate. *Craig* v. *Godfroy,* 1 Cal., 415, 54 Am. Dec., 299; *Bamber* v. *Savage,* 52 Wis., 110, 8 N. W., 609, 38 Am. Rep., 723.

The description in the memorandum of the subject-matter of the contract must be such that it will be capable of identification, and where it is sought to identify the land sold by reference to some other instrument, the instrument which contains the description must be clearly referred to and identified by the memorandum or contract. *Pulse* v. *Miller,* 81 Ind., 190; *Hitchcock* v. *Southern Iron, etc., Co.,* 38 S. W., 588; 20 Cyc., 270.

The memorandum relied on by cross-complainants does not meet the requirements of these well-established rules. It gives the number of each lot and the price to be paid for same, but it contains no description of the lots. It does not appear from the memorandum in what State or county the lots are situated. It is not signed by the sellers, nor by the auctioneer; in fact, it does not appear to have been signed by any one. The contract relied on falls clearly within the inhibition of the statute, and being voidable and cannot be enforced in this case.

The other assignments of error have been disposed of orally. It results that the decree of the chancellor is affirmed.