ARTHUR KOENIG COMPANY, Respondent, vs. GRAHAM
GLASS COMPANY, Appellant.

*December 5, 1919—January 13, 1920.*

*Principal and agent: Forfeiture of compensation by agent: Appeal:
Issues not submitted in special verdict: Brokers: Order to
discontinue selling: Compensation on sale afterwards made.*

1. An agent who is guilty of fraud upon his principal, or who
betrays his trust by acting adversely to the interest of his
principal, or is guilty of unfaithfulness, dishonesty, gross
misconduct, gross mismanagement or unskilfulness, or who
fails to follow express instructions, as a general rule forfeits
his right to compensation.

2. On defendant's appeal from a judgment for plaintiff, disputed
material questions of fact not submitted to the jury in special
questions will be treated as having been found by the trial
court against defendant, under sec. 2858m, Stats.

3. Where a bottle manufacturing company, with knowledge that
a broker employed to procure orders had negotiations pend-
ing, telegraphed the broker to discontinue soliciting orders,
without referring to pending negotiations, the broker, being
a sales agent only and having no managerial responsibilities,
upon consummation of the pending negotiations was entitled
to compensation for procuring the orders, though the com-
pany could not fill them.

APPEAL from a judgment of the circuit court for Mil-
waukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This is an action to recover the reasonable value of the
plaintiff's services as a broker in the sale of 36,000 gross
of beer bottles, it being alleged in the complaint that the
reasonable value is $1,500.

The defendant denied that plaintiff had ever been em-
ployed or authorized to act as a broker or agent for it, and
denied that the plaintiff was a procuring cause of the sales
upon which the commissions were based. The case was
submitted to the jury upon a special verdict, and the jury
found (1) that R. A. Graham (one of the officers of de-
fendant company), on September 18, 1916, promised that
the defendant would pay the plaintiff one and one-half per

cent. commission on orders for bottles which the plaintiff procured for the defendant from the Pabst, Schlitz, Blatz, and Milwaukee-Waukesha brewing companies; (2) that George F. Knox (managing sales agent of defendant for Wisconsin), on October 11, 1916, agreed to give the Pabst Brewing Company an extra one per cent. discount upon its order and to have such extra discount taken out of his commission; (3), (4), and (5) that the plaintiff was a procuring cause of the sale of bottles to the Milwaukee-Waukesha Brewing Company and to the Pabst Brewing Company.

The defendant moved, after the rendition of the verdict, to have the answers to each of the questions changed, and for a new trial. The motions were denied, and the plaintiff had judgment for $1,689, from which judgment the defendant appeals.

For the appellant there were briefs by *Bottum, Bottum, Hudnall & Lecher* of Milwaukee, and oral argument by *Geo. B. Hudnall.*

For the respondent there was a brief by *Bohmrich & Gabel* of Milwaukee, and oral argument by *Louis J. Bohmrich.*

ROSENBERRY, J.  The only contention made by the defendant upon this appeal is that the plaintiff in accepting from the Pabst Brewing Company the order for 36,000 gross of bottles, after Knox, the defendant's general sales agent for Wisconsin, had been notified that the defendant's factory output was practically sold, and Knox had been directed to discontinue soliciting orders, was such gross negligence and gross misconduct as to preclude the plaintiff from recovering any commission upon such sale.

There is no dispute as to the rules of law applicable. An agent who is guilty of fraud upon his principal or who betrays his trust by acting adversely to the interest of his principal, or is guilty of unfaithfulness, dishonesty, gross misconduct, gross mismanagement, gross unskilfulness, or who

fails to follow his principal's instructions, as a general rule forfeits his right to compensation. *Rogers v. Priest,* 74 Wis. 538, 43 N. W. 510; 2 Corp. Jur. 760, 766; *St. Paul. F. & M. Ins. Co. v. Laubenstein,* 162 Wis. 165, 155 N. W. 918.

The controversy in this case centers upon an order taken by the plaintiff from the Pabst Brewing Company on October 11, 1916. Treating the findings of the jury as verities, and they are not attacked, treating other disputed material questions of fact not submitted as found against the defendant, under the provisions of sec. 2858*m,* Stats., substantially the following situation is presented: George S. Knox of Milwaukee was the general sales agent of the defendant company for the states of Wisconsin and Minnesota. He entered the employment of the defendant company in February, 1915, and had a contract with it to sell its bottles exclusively at prices to be furnished by the defendant. He was to receive as compensation three per cent. of the sales price, after deduction of freight. In the years 1915 and 1916 Mr. Knox had desk room in the office of the plaintiff company, which was a broker and dealer in brewers' supplies. The relations between Knox and Koenig, managing officer of the plaintiff company, became friendly, and in the early part of the year 1915 an arrangement for splitting commissions was made on all orders for bottles which Koenig might obtain. On September 18, 1916, R. A. Graham, vice-president and general sales manager of the defendant company, came to Milwaukee, and the three went to the office of the Pabst Brewing Company, and the jury found that at that time Mr. Graham took from Mr. Knox the sales to the four brewing companies mentioned, placed them in the hands of Koenig, and promised Koenig that he would pay him one half of the commissions which Mr. Knox was to receive under the contract for these sales, to which Mr. Knox consented. On this visit a trial order for two carloads of bottles was secured, which

were afterwards shipped and found satisfactory.  On September 28, 1916, plaintiff wrote the defendant company that it could secure an order from the Schlitz Brewing Company for from 30,000 to 40,000 gross at a price of $2.45 per gross, sixty days, or two per cent. cash in ten days. The defendant replied that it could not make a price lower than $2.60, but that if it was a question of losing the order they would permit the giving of an extra one per cent. if Mr. Knox would consent to have it taken off his commission, but said nothing indicating that its output was sold up. The plaintiff wrote the defendant, urging it to meet the competition and make a better price.  On October 9th Mr. Knox was in St. Paul, and while there received a telegram from the defendant as follows: "Return to Milwaukee and discontinue traveling and soliciting orders.  Factory is practically sold up."

Mr. Knox arrived in Milwaukee on the morning of October 10th.  There was some discussion between Knox and Koenig as to whether or not this telegram affected pending negotiations, and it was Knox's opinion that it did not.  On the 11th the plaintiff took the order from the Pabst Brewing Company for 36,000 gross of bottles and wired the defendant accordingly.  The defendant answered:

"Do not accept order from Pabst as we are practically sold up.  We may be able to accept 10,000 gross from them at regular price and will notify you last of week."

The plaintiff replied:

"Your wire eleventh we must positively insist upon acceptance of Pabst order your Mr. R. A. Graham knows that negotiations were pending and we cannot afford to waste our time for nothing leaving for St. Paul tonight will return Saturday morning and expect positively your confirmation."

On October 17th the defendant replied by telegram as follows:

"Your wire we cannot accept any orders we were unable

to arrange with any other factory to make bottles for us positively cannot make the Pabst order you must realize that we cannot accomplish the impossible."

The original order which the plaintiff received from the Pabst Brewing Company was not forwarded to the defendant, but the plaintiff made out upon its own order blank what purported to be a duplicate of the Pabst Company's order and forwarded it to the defendant. It is now claimed that the order sent by the plaintiff to the defendant was materially different from the order taken by the plaintiff from the Pabst Brewing Company. Nothing appears to have been made of this upon the trial. The evidence in regard to it is very meager. No request was made by the defendant for a special finding in this respect. Whether or not the order transmitted was materially different was a question of fact and should have been determined as such upon the trial, and in view of the fact that the order was refused upon other grounds before the alleged duplicate was received, no complaint ever appearing to have been made upon that ground, we must hold that defendant's contentions in that respect are not sustained.

Mr. Graham came to Milwaukee for the express purpose of procuring the business of the four larger breweries; defendant knew that subsequently thereto negotiations were pending between the plaintiff and the breweries; defendant knew the trial order had met with approval; defendant failed to notify the plaintiff of its changed situation—there was nothing said in relation to the Milwaukee business in the telegram sent to Knox. Knox, the managing agent, thought that the order contained in the telegram did not apply to the Milwaukee business. In view of these facts, the plaintiff being a mere sales agent and having no managerial duties or responsibilities, we cannot say upon the record that the plaintiff was guilty of such gross misconduct as to forfeit its right to the agreed commission.

*By the Court.*—Judgment affirmed.