HUSTAD, Respondent, vs. DRIVES, Appellant.

*May 4—June 5, 1923.*

*Brokers: Duty to disclose material facts: Sub-agents: Conceal-*
*ment of facts: Forfeiture of commission.*

1. An agent must acquaint his principal with every material fact
   relating to the business or property intrusted to him, and is
   liable for damages sustained by the principal because of his
   failure so to do.
2. Where the agent of a real-estate broker, who, except as to the
   owner, had the exclusive sale of a farm, by concealing that
   he was acting for the broker led the owner to suppose that he
   (the owner) was the procuring cause of its sale, and to
   reduce the purchase price for such reason, the broker was
   guilty of a breach of duty and forfeited his right to compensa-
   tion, although the contract entitled him to commission if a
   sale was effected through the efforts of any one but the
   principal.
3. An agent concealing or not disclosing material facts relating
   to the subject matter of the agency forfeits his right to com-
   pensation.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Contract for broker's commission. The plaintiff is a
real-estate dealer in the city of Madison. The defendant
at the time in question was the owner and operator of a
farm in the town of Verona, Dane county, Wisconsin. In
May, 1920, the parties entered into a brokerage contract.
After a description of the parties and property and terms
upon which it is to be sold the contract provides:

"On sale being made at the above or other price, satis-
factory to me, I will pay *Ed. C. Hustad,* the party of the
second part, two per cent. of the sale price, in full compen-
sation for his services. I will furnish complete abstracts
of title to the premises and convey same to purchaser by
warranty deed. This contract exclusive except owner can
sell it himself."

The agreement was dated May 4, 1920. In the month
of July, 1920, a Mr. Kittleson, at the suggestion of the

plaintiff, went to the premises of the defendant with a Mr. Fridstrom from Mount Horeb. At that time they examined the farm. Mr. Kittleson did not disclose to the defendant that he was in any way connected with *Mr. Hustad.* No contract was entered into. Mr. Kittleson suggested to the defendant that he thought that if the price was reduced $1,000 a deal could be made with Mr. Fridstrom. Subsequently Mr. Fridstrom made two visits to the farm but no deal was made, defendant having in the meantime promised to hold the farm for a week for Mr. Colby, known to him to be a customer of the plaintiff. Defendant next saw Mr. Fridstrom at Blue Mounds and a deal was closed, the premises being sold for $1,000 less than the price named in the contract between the plaintiff and the defendant on May 4, 1920.

The case was submitted to the jury and the jury found:

"(1) Was the sale of *Mr. Drives'* farm to Mr. Fridstrom brought about by the acts and efforts of Mr. Kittleson, so that the sale resulted as a direct and proximate result of the efforts of Mr. Kittleson under such circumstances that the sale to Mr. Fridstrom would not have been made without these efforts on the part of Mr. Kittleson? *A.* Yes.

"(2) Was *Mr. Drives* led to reduce the price of his farm in the sale to Mr. Fridstrom by the fact that Mr. Kittleson did not disclose to him that he represented *Mr. Hustad* in the matter of the sale of the farm? *A.* Yes."

Judgment was entered in favor of the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *Olbrich, Brown & Siebecker* of Madison, and oral argument by *Lee L. Siebecker.*

For the respondent there was a brief by *Gettle & Torge* of Madison, and oral argument by *A. T. Torge.*

ROSENBERRY, J. It was the contention of the defendant throughout the trial that the plaintiff himself was the procuring cause of the sale; and second, that the plaintiff was

estopped by the conduct of his sub-agent, Kittleson, from claiming any commission. In passing upon the motion for a new trial the trial court said:

"The rights of the parties were fixed by the contract. Under that contract *Mr. Hustad* was entitled to commission if a sale was effected through the efforts of any one but *Mr. Drives* himself. Under this state of facts Mr. Kittleson was under no obligation to advise *Mr. Drives* that he must pay a commission if a sale was made through his efforts. That obligation was fixed by the terms of the contract."

As pointed out by the trial court, there was no evidence in this case indicating that Mr. Kittleson had made any representation or statement whatever to the defendant in relation to the matter of commission. Is it true, however, that Mr. Kittleson, who unknown to the defendant was in fact acting as agent of the defendant, was not bound to disclose that fact to the defendant under the circumstances of this case? Mr. Kittleson came to defendant's farm with Mr. Fridstrom. The defendant may well have supposed that he was there in the interest of the purchaser. Mr. Kittleson's suggestion that because of the condition of the farm he should reduce the purchase price $1,000, and, in the event that he did, a deal might be made, was certainly such a suggestion as the defendant would have expected from a person there in the interest of the intending purchaser.

It is an established principle in the law of agency that the agent must acquaint his principal with every material fact relating to the business or the property intrusted to him. His failure or neglect to disclose material facts which come to his knowledge or lie in his memory makes him liable in damages to his principal where the principal sustains damages because of such failure to disclose. 2 Corp. Jur. p. 714, § 369, and cases cited. This is but a corollary of the general rule that the relation of an agent to his principal is that of a fiduciary, and that as such it is the duty of the agent, in all dealings concerning or affecting the subject matter of his

agency, to act with the utmost good faith and loyalty toward his principal.

While it is true, as the trial court pointed out, that under the contract the plaintiff was entitled to a commission if a sale was effected through the efforts of any one but the defendant, and the jury has found that Mr. Kittleson, the sub-agent of the plaintiff, was the procuring cause of the sale, nevertheless where, as here, the principal having reserved the right to make a sale, it was the duty of the sub-agent to disclose to his principal the true situation, and where the sub-agent has by concealment led his principal into a position where he rightfully supposes himself to be the procuring cause of the sale and the principal for that reason reduces the purchase price, the agent is thereby guilty of a breach of duty and forfeits his right to compensation. The jury found that the defendant was led to reduce the price of the farm by reason of the fact that Mr. Kittleson concealed his true relation to the transaction. This he did in violation of his duty as agent.

Where an agent is guilty of concealment or nondisclosure of material facts relating to the subject matter of the agency, he forfeits his right to compensation. 2 Corp. Jur. p. 760, § 428, and cases cited; *Pratt v. Patterson's Ex'rs,* 112 Pa. St. 475, 3 Atl. 858.

*By the Court.*—Judgment of the circuit court reversed, with directions to enter judgment for the defendant upon the verdict.