FAULTERSACK and wife, Appellants, vs. CLINTONVILLE SALES CORPORATION, Respondent.

*September 15—November 16, 1948.*

For the appellants there was a brief by *John A. Conant* of Westfield, attorney, and *Rogers & Owens* of Portage of counsel, and oral argument by *H. B. Rogers*.

For the respondent the cause was submitted on the brief of *Winter & Koehler* of Shawano.

FAIRCHILD, J.   The difficulty with the judgment entered at the circuit is that it overlooks the rule that the auctioneer

loses his right to compensation by assuming a position inconsistent with his fiduciary relation as agent of the seller.

The auctioneer is deemed to be the agent of the seller. He can be the agent of both parties only for certain limited purposes such as the signing of the contract of sale. This exception came into being when it was settled that a sale at auction is within the provisions of the statute of frauds and requires a memorandum in writing. 5 Am. Jur., Auctions, p. 468, sec. 31; *Bamber v. Savage*, 52 Wis. 110, 8 N. W. 609. It is a very limited and well-defined exception to the general rule. Until the hammer goes down, the auctioneer is exclusively the agent of the vendor is the way the authorities have generally stated the rule.

It is well recognized that an agent is in a fiduciary relation to his principal. Restatement, 1 Agency, p. 45, sec. 13. This fiduciary relation raises a certain duty on the part of the agent to make full disclosure of all facts that have a material bearing on the subject of the agency. This duty has been stressed by the courts. An agent must act in highest good faith. *Weinhagen v. Hayes*, 174 Wis. 233, 178 N. W. 780, 183 N. W. 162, 187 N. W. 756; *St. Paul F. & M. Ins. Co. v. Laubenstein*, 162 Wis. 165, 155 N. W. 918; *Tufts v. Mann*, 116 Cal. App. 170, 2 Pac. (2d) 500. The doctrine of the cases is that even though there is no fraud on or resulting damage to the principal this rule must be complied with. *Jansen v. Williams*, 36 Neb. 869, 55 N. W. 279; *Meinhard v. Salmon*, 249 N. Y. 458, 164 N. E. 545; *Everhart v. Searle*, 71 Pa. St. 256; 1 Black, Recission and Cancellation (2d ed.), p. 123, sec. 50.

An agent's duties require a full disclosure of all facts that have a material bearing on the subject of the agency. Especially is he bound to disclose acts that have a tendency to favor the other party as against the principal. Acts which may directly limit or chill a bid at an auction are within that category. Here the arrangement between Umland, the de-

fendant's president, and one Challoner, the proposed bidder, certainly had a relation to the subject of the agency. It contained elements directly affecting the agent's attitude toward, and his activities in respect to, the sale of the plaintiffs' farm.

Challoner did not have the means to meet the obligations of a good-faith bidder, ready, able, and willing to buy. He sought defendant's help. Prior to the sale Umland arranged to make a loan to Challoner in case the Federal Land Bank would not. There was to be a loan secured by a chattel mortgage on Challoner's personal property and an additional loan to be secured by a mortgage on the plaintiffs' farm. This was not disclosed to plaintiffs at any time prior to or during the auction. However, it affected the sale of the farm. The circumstances were capable of exerting an influence to fix a price limit unsatisfactory to the plaintiffs and satisfactory to the bidder, Challoner. Evidently that was what happened.

It appears that at the auction Umland talked over the bid with Challoner. He testified: "We had talked that over before he [Challoner] bid, because he wouldn't bid any more if he and I couldn't work out some kind of a deal where he could have settled this." It appears further that Umland stopped the auction to talk the price over with the plaintiffs. At that time plaintiffs told him that they did not want to sell at any price which would require them to pay out any of their money to complete the sale. This might be necessary because of the incumbrances on the farm. But even at that time Umland did not tell plaintiffs that one of the bidders was able to bid only because defendant would assist with a loan toward the purchase price and that the amount of his bid would depend on what defendant would loan him. Instead Umland went back to the auction block and sold the farm to Challoner at a price below that which plaintiffs had specified. It may be that plaintiffs agreed to let the farm go at that price. But had they known all the circumstances connected with the

bid there is good reason to conclude that they would have rejected it.

It is unnecessary to decide whether there was any fraud in this case. Because no fraud was shown does not mean that there was no breach of duty by the agent. The rule of law does not rest on fraud. In fact the principal does not have to show either fraud or damage. *Jansen v. Williams,* 36 Neb. 869, 55 N. W. 279; *Meinhard v. Salmon,* 249 N. Y. 458, 164 N. E. 545; *Everhart v. Searle,* 71 Pa. St. 256; 1 Black, Recission and Cancellation (2d ed.), p. 123, sec. 50. He only has to show a failure of full disclosure on the part of the agent. As the Pennsylvania court said in *Everhart v. Searle, supra,* at p. 260: "The transaction is to be regarded as against the policy of the law. . . . It matters not, . . . 'that there was no fraud meditated and no injury done; the rule is not intended to be remedial of actual wrong, but preventive of the possibility of it.'" The transaction might have been good if the defendant had informed the plaintiffs of the circumstances.

This failure to disclose facts on the part of the defendant's officers amounted to a breach of the fiduciary relationship existing between the defendant and the plaintiffs. In the absence of full disclosure of the facts to the principal he can refuse to pay the commission or recover a commission already paid. *Arthur Koenig Co. v. Graham Glass Co.* 170 Wis. 472, 175 N. W. 814; *Hustad v. Drives,* 181 Wis. 87, 193 N. W. 984. Plaintiffs are entitled to judgment in their favor as prayed for in their complaint.

The question was raised as to whether the trial court erred in refusing to receive in evidence the judgment entered in an action brought by Challoner against the plaintiffs here for specific performance of the contract for the sale of their farm to Challoner. The action was dismissed but there is nothing in this record showing why specific performance was denied. Defendant was not a party in that action. The agreement between Challoner and defendant to finance his

purchase did not show such privity of interest between him and the defendant with respect to title in the contract as to warrant holding that a privity of interest existed. Consequently, the court did not err in concluding that the judgment in the specific-performance suit in another circuit was not *res adjudicata* in the present action. This point, however, is not material here since plaintiffs are allowed to recover the compensation paid the defendant because of defendant's failure to disclose all the facts.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter judgment in favor of plaintiffs in accordance with this opinion.

FRITZ, J., dissents.

BROADFOOT, J., took no part.