BOCKEMUHL, Appellant, vs. JORDAN, Respondent.

*April 6—May 3, 1955.*

For the appellant there were briefs and oral argument by *Charles L. Mullen* of Milwaukee.

For the respondent there was a brief and oral argument by *Harry A. Kovenock* of Milwaukee.

MARTIN, J.   Plaintiff's occupation was that of salesman in department stores, shoe stores, clothing, and life insurance. In 1948 or 1949, as a side line, he began to solicit orders for tool and machine work on a commission basis. About August, 1950, he entered into an oral contract to solicit such work for the defendant on a five per cent commission. On December 18, 1950, they signed a written contract providing, among other things:

"Whereas, Jordan operates a machine shop, designing, manufacturing, and repairing dies, tools, and fixtures, with facilities for production work, and desires, from time to time, to obtain additional orders for such services and products; and Bockemuhl is an independent sales agent, who desires, as a side line, to obtain orders, upon a commission basis, for such machinery, services, and production by Jordan.

"Now, therefore, it is agreed as follows:

"(1) Bockemuhl agrees, at his convenience, to call upon and solicit orders for Jordan. . . .

"(2) Bockemuhl will not, during the term of this contract and for six months thereafter, solicit orders on behalf of any other firm for services or production which Jordan is equipped to handle, . . ."

On November 1, 1950, plaintiff had entered into a written agreement with National Machine Works to solicit work for that company. The contract provided:

"1. The company engages the services of the salesman, to obtain orders for turret-lathe work, general machine work as well as special machined parts or any other products the company may from time to time decide to make, until otherwise or a new agreement is mutually agreed upon. . . .

"4. The salesman agrees, that he will not solicit similar work for any other company during the term of this agreement, and any other such solicitation shall be sufficient grounds for the cancellation of this agreement. . . ."

The record establishes that plaintiff solicited work for National Machine Works and for the defendant under these contracts.

Par. (2–A) of the contract with Jordan provided:

"Any wilful violation of par. (2) by Bockemuhl during the term hereof shall be just cause for immediate termination of this contract by Jordan upon giving notice thereof by registered mail to Bockemuhl; and any violation during the six months following its termination, shall entitle Jordan, as liquidated damages, to retain the commissions otherwise due to Bockemuhl."

On February 28, 1951, Jordan wrote plaintiff as follows:

"I believe you are not living up to paragraph (2) two of our contract, rather than argue about it I have decided to terminate our contract as of March 28, 1951, under paragraph (5) five. For the nine months after March 28th I will pay you all commissions you are entitled to, under paragraph (5) five, but will expect you to comply with paragraph (2) two until the end of September."

After receipt of the notice plaintiff ceased solicitation in behalf of Jordan. He continued, however, to solicit work for National Machine Works and several other firms.

The primary question of fact for the trial court was whether, after entering into the contract with Jordan, plaintiff solicited for other shops work which Jordan was equipped to handle. Plaintiff testified that Jordan did not want production work, but defendant denied this and the written contract states that Jordan had facilities for production work. Jordan said he had told plaintiff he did not care for certain types of production work, such as automatic and screw machines, which was the type of work plaintiff told him he was getting for National. Plaintiff admitted that he could not accurately tell from shop drawings what machines might be required to do a particular job, but he nevertheless took it upon himself to decide what work Jordan was and was not equipped to do. He made the decision as to whether Jordan could do a job and, if he decided that Jordan could not, he submitted the job to other machine shops. The record establishes that a substantial part of the business which plaintiff solicited for other companies between December 18, 1950, and September 28, 1951, was work that defendant was equipped to handle.

Defendant testified that when the contract was entered into he knew that plaintiff was soliciting for National Machine Works but that plaintiff told him that company was noncompetitive.

There is no question but that plaintiff was under a written contract to solicit exclusively for National Machine Works at the time he made his agreement with Jordan and thereafter. He not only concealed that fact from Jordan but denied it under oath on adverse examination until confronted with a copy. Under par. (2) of the contract with Jordan, plaintiff agreed that he would not solicit orders for other firms for work which Jordan was equipped to handle. The trial court's finding that he violated his agreement in that respect is overwhelmingly supported by the record. One of the part-

ners of National testified in detail as to a number of orders obtained by plaintiff and filled by his company during the period in question, work which could have been done on equipment Jordan had in his shop.

In *Weinhagen v. Hayes* (1920), 174 Wis. 233, 243, 178 N. W. 780, 183 N. W. 162, 187 N. W. 756, this court said:

"Absolute fidelity and loyalty to the interests of his principal is the first duty and the highest obligation of an agent."

The rule is given in Restatement, 2 Agency, as follows:

"Unless otherwise agreed, an agent is subject to a duty not to act or to agree to act during the period of his agency for persons whose interests conflict with those of the principal in matters in which the agent is employed.
"*Comment:*
"*a.* . . . Under the rule stated in this section, the agent commits a breach of duty to his principal by engaging in an undertaking for another which has a substantial tendency to cause him to disregard his duty to serve his principal with only his principal's purposes in mind. Thus, an agent has a duty not to act for a competitor of his principal unless this is permitted by the understanding of the parties. This is true although the agent does not agree to give his full time to the principal's business." p. 890, sec. 394.

"An agent is entitled to no compensation for conduct which is disobedient or is a breach of his duty of loyalty; such conduct, if constituting a wilful and deliberate breach of his contract of service, disentitles him to compensation for even properly performed services for which no compensation is apportioned." p. 1102, sec. 469.

In *Faultersack v. Clintonville Sales Corp.* (1948), 253 Wis. 432, 437, 34 N. W. (2d) 682, this court said:

"The rule of law does not rest on fraud. In fact the principal does not have to show either fraud or damage. [Citing authorities.] He only has to show a failure of full disclosure on the part of the agent. As the Pennsylvania court said in

*Everhart v. Searle, supra* [71 Pa. St. 256], at p. 260: 'The transaction is to be regarded as against the policy of the law. . . . It matters not, . . . "that there was no fraud meditated and no injury done; the rule is not intended to be remedial of actual wrong, but preventive of the possibility of it." ' . . .

"In the absence of full disclosure of the facts to the principal he can refuse to pay the commission or recover a commission already paid. *Arthur Koenig Co. v. Graham Glass Co.* 170 Wis. 472, 175 N. W. 814; *Hustad v. Drives,* 181 Wis. 87, 193 N. W. 984."

Plaintiff's argument seems to be that he was not an exclusive agent of the defendant but an independent contractor under no obligation to abide by the terms of par. (2). It is true he did not work full time for Jordan and that his contract with Jordan permitted him to solicit for others, but only such jobs as Jordan could not handle. Under par. (7) of the contract plaintiff could submit jobs to others on work that Jordan could do only after Jordan had rejected them. Yet plaintiff took it upon himself to decide, without consulting Jordan, whether Jordan could or would do certain work.

He attempts to bring himself within the exception to the rule of loyalty where the agent acts as a mere middleman and is not called upon to exercise any judgment or discretion in the premises. *Mueller v. Michels* (1924), 184 Wis. 324, 330, 197 N. W. 201, 199 N. W. 380. Plaintiff's position is untenable because when the contract required him to bring to Jordan all the work his plant was equipped to handle and prohibited him from soliciting such work for competitors, it prevented him from being a "mere middleman." The evidence shows that to a considerable extent both National Machine Works and Jordan's shop were similarly equipped, and instead of bringing all such orders to Jordan he parceled them out, some to National and some to Jordan, as he saw fit.

In *Weinhagen v. Hayes, supra,* at page 243, this court said:

"An agent's duties or responsibilities are not lessened or modified because he calls himself a broker, factor, or by some other name. The thing that fixes his duty and responsibilty is the character of the service which he undertakes to perform and not the style or the name under which he does business. Usage or custom, however long continued, does not warrant unfaithful, disloyal conduct on the part of an agent. Such conduct is abhorrent to the letter and spirit of the law and cannot be justified under its forms."

The recovery sought by the plaintiff is payment of the commissions provided for under the contract. His right to such commissions, however, depended upon his compliance with its terms. And from its inception he violated the provision which required him to be the exclusive agent of Jordan in so far as the orders solicited were for jobs that Jordan could do. In securing orders for others for jobs that could have been filled by Jordan, plaintiff not only violated his contract but violated the policy of the law, and the law will not aid him in the recovery of commissions under the contract.

Plaintiff has raised a number of other questions on this appeal which we deem it unnecessary to discuss in view of our decision on the basic question involved.

*By the Court.*—Judgment affirmed.