## CRAIG *vs.* GODFROY *et al.*

The memorandum required by the Statute of Frauds to be entered by an auctioneer in his sale book, must be made at the very time of the sale, or the vendee will not be bound by the contract ; So *held*, in a case where the sale at auction took place in the forenoon, and the memorandum was not made by the auctioneer before the evening of the same day.

The memorandum of an auctioneer is looked upon as a contract between the vendor and vendee reduced to writing, and executed by their mutual agent, who ceases to be such agent after the sale is closed.

Where the rights of parties are concerned, a day will not be considered a unit, but inquiry may be made as to the very point of time when an act was done.

APPEAL from the superior court of the city of San Francisco. The only fact necessary to be stated, which is not mentioned in the opinion of the court, is, that the sale by the auctioneer took place in the forenoon.

*Calhoun Benham*, for the plaintiff.

*Hall McAllister*, for the defendants.

*By the Court*, HASTINGS, Ch. J.   The liability of the defendants depends upon a construction of the Statute of Frauds, in relation to sales by auctioneers, in favor of the validity of whose sales it is enacted as follows : That the " auctioneer shall at the " time of sale enter in a sale book a memorandum, specifying " the nature and price of the property sold, the terms of the " sale, the name of the purchaser, and the name of the person " on whose account the sale is made," &c.   The name of the person on whose account the sale was made, was not written in the sale book until the evening of the day of sale, or during the next day.   The memorandum then was not made at the time, and therefore the sale was not binding.   This objection is not merely technical.   The memoranda of auctioneers are the substitutes for contracts, reduced to writing, and signed by the par-

ties. The auctioneer is the agent of each party at the time of the sale, and not afterwards. On the part of the defendants this contract was not executed until after the sale was closed. The auctioneer then had no authority to bind the defendants, by signing their name to the contract, or entering it in the sale book, which in effect is the same thing. The case of *Hicks et al.* v. *Whitmore*, (12 *Wendell*, 548,) cited by counsel, is precisely similar to this case, and settles the question, the statute of New York being the same. The court held in that case, that a memorandum entered in the name of the person on whose account the sale was made, but one hour after the sale, would not bind the vendor. It is therefore unnecessary to examine the other points of the appellants, believing the sale to be void for the reason above stated.

Respondent contends, that inasmuch as a day is to be considered a point of time, therefore, if the memorandum was made during the day, it was made at the time of the sale. Most of the fiction about time, and the computation of time, is not now recognised as law, and especially by this court, as in the case of *The People ex rel. Campbell* v. *Clark*, (*ante, p.* 406,) we held that a day is not to be considered a unit, to the prejudice of the rights of a party, and that an examination should be had of the very *point of time*, when an act was done, as the approval of an act of the legislature by the executive.

The judgment is reversed.