(98 South. 32).

## BOWDOIN et al. v. HEADLEY.

### (5 Div. 448.)

(Court of Appeals of Alabama. Nov. 13, 1923.)

**I. Frauds, statute of ⬤➡116(7)—Auctioneer acts as agent of both buyer and seller at sale, and may bind seller by memorandum.**

An auctioneer acts as agent for both seller and buyer, and when authorized to make sale may, after it has been made orally, reduce it to writing and sign the memorandum required by Code 1907, § 4290, and thereby bind seller, if such agency has not been revoked.

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Frauds, statute of ☜116(7)—After sale, auctioneer ceases to be purchaser's agent, and cannot bind him by memorandum.**

The moment a sale is over, an auctioneer ceases to be agent of the purchaser, and cannot bind him by signing his name.

**3. Frauds, statute of ☜116(7)—Auctioneer cannot bind purchaser by memorandum signed after sale.**

After land was sold at auction, the auctioneer ceased to be agent of the purchaser, and neither seller nor auctioneer was authorized to bind purchaser by signing his name to memorandum, required by Code 1907, § 4290.

**4. Evidence ☜414—Parol evidence admissible to show auctioneer's memorandum was signed after termination of sale.**

Where land was sold at auction, and after close of the sale the auctioneer prepared certificate of sale, as required by Code 1907, § 4290, in seller's action based on such sale, after the auctioneer's memorandum was introduced, parol evidence was admissible to show the time of its making.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action in assumpsit by I. B. Bowdoin and others against Francis Headley. From a judgment for defendant, plaintiffs appeal. Affirmed.

Victor J. Heard, of Clanton, for appellants.

It was error for the trial court to exclude from the evidence the auctioneer's memorandum of sale. Code 1907, § 4290; Anderson v. Wisconsin Cent. Ry., 131 Am. St. Rep. 492; Church v. Wiley, 2 Hill, Eq. (S. C.) 584, 30 Am. Dec. 386; Burke v. Snively, 208 Ill. 328, 70 N. E. 327; Sup. Lodge, etc., v. Few, 138 Ga. 778, 76 S. E. 91; A. G. S. v. Hawk, 72 Ala. 117, 47 Am. Rep. 403.

Reynolds & Reynolds, of Clanton, for appellee.

The agency of an auctioneer enabling him to sign a memorandum binding the purchaser ends with the sale, and a memorandum made subsequently is inadequate. 20 Cyc. 258; Adams v. McMillan, 7 Port. 73; Robinson y. Garth, 6 Ala. 205, 41 Am. Dec. 47; Craig v. Godfroy, 1 Cal. 415, 54 Am. Dec. 299; Hicks v. Whitmore, 12 Wend. (N. Y.) 548; McComb v. Wright, 4 Johns Ch. (N. Y.) 659; Smith v. Arnold, 5 Mason, 414, Fed. Cas. No. 13004; Gill v. Bicknell, 2 Cush. (Mass.) 355; Horton v. McCarty, 53 Me. 394; Walker v. Herring, 21 Grat. (Va.) 678, 8 Am. Rep. 616; White v. Dahlquist Mfg. Co., 179 Mass. 427, 60 N. E. 791; 27 C. J. 265; 25 R. C. L. 641; Church v. Wiley, 2 Hill, Eq. (S. C.) 584, 30 Am. Dec. 386; Bamber v. Savage, 52 Wis. 110, 8 N. W. 609, 38 Am. Rep. 723.

SAMFORD, J. Plaintiff, through an auctioneer, offered a certain piece of real estate for sale at auction. The sale was conducted as advertised, and defendant being the highest, best, and last bidder, he was declared to be the purchaser. No note or other memorandum was made of the sale by the auctioneer, his clerk, or agent, as required by section 4290 of the Code of 1907, at the time of sale. The auctioneer left the place of sale, went to his home, and some three hours later went to his office, where from his memory he prepared and signed an auctioneer's certificate of the sale, in form and contents sufficient to meet the requirements of the statute. Upon a deed being prepared and signed by the seller and presented to defendant, he declined to accept and pay the purchase price. Whereupon the property was again sold, and this action is brought to recover the difference between the prices at the first and second sales.

The sole question presented by this record is: At what time must an auctioneer's memorandum be signed by him, in order to bind the parties to the transaction? This seems to be a case of first impression in this jurisdiction.

The statute of frauds was of English origin, having been adopted by Parliament during the latter part of the eighteenth century, and was designed to prevent frauds in certain character of cases. Similar statutes have been adopted by nearly, if not, all the states of the American Union, but as all of these statutes are independent, and in some instances varying in phraseology, the terms of the acts must be borne in mind in citing the decisions of courts of last resort as authority in construing our own statute. 8 Am. and Eng. Enc. of L. (1st Ed.) 658. Our statute is as follows:

"When lands, tenements, or hereditaments are sold or leased at public auction, and the auctioneer, his clerk, or agent, makes a memorandum of the property, and price thereof at which it is sold or leased, the terms of sale, the name of the purchaser, or lessee, and the name of the person on whose account the sale or lease is made, such memorandum is a note of the contract, within the meaning of the preceding section."

[1-3] In the instant case no question is raised as to the form of the certificate; but was it signed at such time as to become the act of defendant for only in such case is the statute avoided? In this connection it may be noted that many authorities are to the effect that there is a different rule to be applied when the party sought to be bound is the seller than in the case of a purchaser. In either case the auctioneer acts as the agent for both parties, and when duly authorized to make the sale may, after the sale has been made orally, reduce the same to writing and sign the required memorandum, and thereby bind the seller, provided his agency has not

been revoked. Sweeny v. Brow, 35 R. I. 227, 86 Atl. 115, Ann. Cas. 1915C, 1075. But, as to the purchaser, the moment the sale is over the auctioneer ceases to be the agent of the purchaser, and remains the agent of the seller, and neither the seller nor his agent would be authorized to bind the purchaser by signing his name. Mews v. Carr, 1 H. & N. 484; Buckmaster v. Harrop, 13 Ves. 456; Horton v. McCarty, 53 Me. 394; Gill v. Bicknell, 2 Cush. (Mass.) 355; Price v. Durin, 56 Barb. (N. Y.) 647. We do not cite the case of Craig v. Godfroy, 1 Cal. 415, 54 Am. Dec. 299, for the reason that the California statute is somewhat different from ours, although the same reasoning might be applied to the case at bar. That case, and others of like holding might require differentiation in a case where the seller is sought to be bound, but not in a case like this.

[4] After the memorandum had been introduced in evidence, the fact that it was not made at the time of sale was testified to on cross-examination. The time of making may be shown by parol, even in contradiction of the terms of the memorandum. Hewes v. Taylor, 70 Pa. 387. Upon proof being made that the memorandum was not signed at the time of sale, the court granted defendant's motion to exclude the evidence as to the memorandum. In this ruling there was no error. It follows that the judgment must be affirmed.

Affirmed.